EASTERN DIST.
*Jan.* 1838.

BUCKNER AND ROBINSON *vs.* BAKER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

BUCKNER ET AL.
*vs.*
BAKER ET AL.

11L 459
50 353
51 1043
11 459
112 809

If the amount or sum claimed by the plaintiff exceeds three hundred dollars, an appeal lies from the judgment of the inferior court.

The right of intervenors is not concluded by consenting to the discharge of a rule for the payment of money, which is the subject of contest in the sheriff's hands. The petition and claim of intervention not being discontinued, another rule may be based on them.

In proceedings requiring the sheriff to pay money over to certain parties, he must also be made a party, and heard in his defence.

This suit is instituted on a promissory note of three thousand dollars, signed by the defendants, Aaron Baker and others, for part of the price of the steam-boat Scotland. The boat was attached by the plaintiffs, in this city, the residence of defendants being in Cincinnati.

The whole of the proceedings are set forth in the following statement of the district judge, who tried the cause:

"The facts of the case are, that Buckner and Robinson sold the steam-boat Scotland to Baker and others, who did not pay for her; an ordinary attachment was taken, and the boat seized and sold.

"The intervening parties are employees of the boat, and claim for wages, advances, etc.

"The claim was originally put in under a petition of intervention. On the 9th April, 1836, when it came on for trial, it appeared that the evidence for the intervening parties was irregularly and improperly taken. The counsel for the intervening parties thereupon discontinued, but at the same time declared his intention to take a rule to assert a right of payment, out of proceeds then in the hands of the sheriff, and did on the same day, viz: 9th April, 1836, take such a rule. Evidence is taken under this rule, and it now comes on for trial.

EASTERN DIST.
Jan. 1838.

BUCKNER ET AL.
vs.
BAKER ET AL.

"The sheriff says he received and served the rule on plaintiffs' attorney, as it appears, on 13th April, 1836, but no rule being served on himself by the coroner, and not being called upon to accept service, he was not aware of its contents, as he does not examine into the contents of papers which he is required to serve. He further shows that he paid over the proceeds in his hands to James R. Sterrett, Esq., plaintiffs' attorney. This receipt of payment is dated on the 8th April, 1835, the day before the intervention was tried. If, therefore, he paid the money over, it was under some guarantee of plaintiffs' attorney to hold him harmless, for the proceeding or suit of intervention was then pending. It is further to be observed, that plaintiffs' attorney joined in interrogatories in the commission taken under the rule. He therefore must have considered the case as pending. Nor does it appear that plaintiffs' attorney has paid over the proceeds which came to his hand. The claims of the intervening parties are meritorious, and unless preserved to them in this suit, will be wholly lost."

Judgment was rendered, making the rule taken on the 9th April, 1836, absolute, and ordering the sheriff to pay over to the intervenors certain sums allowed to each, making in all two hundred and ninety-five dollars. The plaintiffs appealed.

*Sterrett,* for the plaintiffs.

*I. W. Smith* and *Pepin,* for the intervenors.

1. The court is without jurisdiction as to the appeal taken by the sheriff. No single demand exceeds three hundred dollars. They cannot be cumulated to give jurisdiction. The sheriff says he has paid over the funds, and judgment was rendered against him individually. As to him, this demand is a principal one, in no way incidental to the demand of the attaching creditors. 5 *Martin, N. S.,* 87. 8 *Ibid.,* 286.

2. Nor has the court jurisdiction as to the attaching creditors. The "case" or "demand" of the Code of Practice,

articles 874–5, is that from the judgment upon which the appeal is taken. The code does not except the "case" or "demand" which is incidental to another suit. The right of appeal is not made to depend on the *manner* of presenting a claim, but in its amount. The injury to the attaching creditor, "by the matter in dispute being frittered down into small parcels," (8 Louisiana Reports, 167,) is no greater than that suffered by an ordinary creditor. The judgment appealed from does not operate against the attaching creditors, but only against the sheriff. The right of appeal is reciprocal in all cases.

3. The appeal must be dismissed, because the appellants rely on no ground, independent of the rights of the owners of the boat, and they have not appealed. 10 *Martin*, 568.

4. The discontinuance of the first rule, and the taking of the second, were simultaneous. The sheriff had the same knowledge of them, as of the judgment in the attachment suit.

5. The appellants seek to take advantage of their own wrong. They violated the order of court, in paying and receiving the money directed to remain subject to the claim of the intervenors.

6. The objection of the plaintiffs in the attachment suit, that the court below was without jurisdiction, because the money was paid over by the sheriff to them, came too late. They had appeared, and contested the rule on other grounds.

*Carleton, J.,* delivered the opinion of the court.

The plaintiffs caused the steamer Scotland to be attached, on the 4th November, 1835, and on the 14th of the same month, Bradford and nine other persons employed on the boat, intervened in a joint petition, claiming altogether the sum of six hundred dollars, as a privileged debt. On the 27th an order was obtained for the sale of the boat, and the sheriff directed to deposit the proceeds of sale in court, subject to its further disposition. The counsel appointed to represent the absent defendants, answered by general denial, and a decree having been rendered against them, in favor of the plaintiffs, the property attached was ordered to be sold to satisfy the judgment. A rule was thereafter taken on the

*Margin note:* EASTERN DIST. *Jan.* 1838. BUCKNER ET AL. *vs.* BAKER ET AL.

plaintiffs and sheriff, to show cause why the intervenors should not be paid by preference, out of the proceeds of sale. After some further proceedings, this rule was, on the 9th April, discharged, at the instance of the counsel for the intervenors, and another claim filed on the same day, based upon their petition of intervention, of the 14th November. The rule on the plaintiffs and sheriff was then renewed, and on the 10th December, judgment was rendered in favor of the intervenors, for the aggregate sum of two hundred and ninety-five dollars and eleven cents, which the sheriff was ordered to pay over to them, in the proportions set out in the decree.

After an ineffectual effort to obtain a new trial on the part of the plaintiffs, they appealed by joint petition with the sheriff, from the judgment rendered on the rule.

The record in the cause is extremely defective, and not easily reconcilable with itself. It does not appear, from any return of the sheriff, or document on file, that he ever sold the boat agreeably to the order of the court, or that he was duly made a party to the proceedings in behalf of the intervenors. All the information we have upon these points, is derived from the facts stated in the opinion of the judge, which we feel ourselves authorized to adopt, as it is cited and relied upon by the counsel of both parties.

Our attention is first drawn to a question of jurisdiction, raised by the counsel for the intervenors, who insists, that as neither of them claimed in their petition over three hundred dollars, and the decree of the District Court being only for two hundred and ninety-five dollars and eleven cents, in the aggregate, this court cannot entertain the appeal, and cites 5 Martin, N. S., 87.

It does not appear to us, that the authority cited is at all analagous. There the plaintiff did not sue for any specific sum, but sought to reverse several separate and distinct judgments, which had been cumulated for the express purpose of sustaining the appeal.

But in the case before us, the plaintiffs brought suit for two thousand eight hundred and fifty dollars, for which they actually obtained judgment; and in the case of Hart vs.

Lodwick, this court decided, that the amount claimed by the plaintiff, imparted the constitutional right of appeal.   8 *La. Reports, page* 167.

The counsel for the plaintiffs contends, that the intervenors, by consenting to the discharge of their rule on the 9th April, ceased to be parties in the cause, and that the payment to him of the proceeds of the sale of the boat, on the day preceding, became *eo instante* valid, and left nothing for the court to act upon.   We think differently: for although the rule was discharged, yet the petition and claim of intervention was not discontinued, and upon its basis another rule was taken, and judgment rendered thereon.   And by the decree of the 27th November, under which the boat was sold, the sheriff was required to deposit the proceeds of sale in court, subject to its further order ; he could not have effected the sale therefore, without knowing what disposition he was to make of the proceeds, and if they were not brought into court, the judge very correctly considered them as still in his hands, subject to any further judgment to be rendered in the cause.

The right of the intervenors is not concluded by consenting to the discharge of a rule for the payment of money, which is the subject of contest in the sheriff's hands. The petition and claim of intervention not being discontinued, another rule may be based on them.

But it is insisted in behalf of the sheriff, that he has been condemned without a hearing, as he was never made a party to the proceedings, by which he was ordered to pay the money to the intervenors, and that he is not bound to take notice, at his peril, of the contents of every rule or paper issuing from the clerk's office, which it may be his duty to serve upon others.   We agree with his counsel, and think that the judgment, so far as it affects the sheriff, ought to be reversed, that he may be made a party in the proceedings, and have an opportunity to be heard in his defence.

In proceedings requiring the sheriff to pay money over to certain parties, he must also be made a party and heard in his defence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as it regards the plaintiffs, be affirmed, in favor of the intervenors, with costs ; and that, as it regards the sheriff, the judgment be avoided and reversed, and the cause remanded for further proceedings, according to law.