HEPP *vs.* GLOVER ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

HEPP
*vs.*
GLOVER ET AL.

15L 461,
49 480

The first attaching creditor will be allowed the full amount of his judgment, in preference to others, who attach after him.

The vendor has the right to stop the goods *in transitu*, and before they reach their destination or are delivered to his vendee, on the latter becoming insolvent. This right is paramount to any lien of a third party against the purchaser.

So where goods, on their passage, are delivered to a consignee, to be forwarded to the vendee, the vendor may claim the right of stoppage *in transitu*, while they are in the hands of the agent or consignee.

If goods are delivered into the possession of a consignee, *for the purpose of conveyance to the vendee*, it is not such a constructive delivery as will deprive the creditor of his right of stoppage *in transitu*.

An attaching creditor does not acquire greater rights to the property attached than the defendant himself possesses.

When the owner has lost all power over his property, or has not yet acquired such power as to permit him to dispose of it, to the prejudice of others, creditors cannot attach.

So, seizing and attaching creditors cannot defeat the claim of the vendor, and deprive him of his right of stoppage *in transitu*.

An attachment can only have effect for the amount of the judgment obtained.

Attaching creditors should be paid in the order of dates of their attachments, and not *pro rata*.

This suit commenced by attachment. On the 5th October, 1830, Wm. T. Hepp instituted suit on their promissory note, against Glover & Rose, commercial partners residing in Mississippi, and attached a quantity of goods and merchandize in packages, in the hands of H. O. Ames, in New-Orleans, alleged to be the property of the defendants, or of defendant Rose, and cited Ames as garnishee.

There was a general denial pleaded in behalf of the absent defendants. The plaintiff proved his demand and had judgment against Rose for the amount of his claim, with privilege on the goods attached.

On the 14th of November, St. John & Best instituted suit by attachment and arrest against Rose, for the sum of three thousand two hundred and fifty-five dollars, with interest and costs, due on his three promissory notes, for which they prayed judgment and privilege on the property attached. This attachment was levied on the same property as that of the plaintiffs, in the hands of H. O. Ames. There was a general denial pleaded.

These plaintiffs discontinued as to two of the notes sued on and had judgment for four hundred and eleven dollars, with privilege on the property attached.

On the 2d January, 1840, St. John & Best had a judgment which they had obtained in the United States Circuit Court of Mississippi, for the amount of their claim, which was discontinued, made *executory,* and seized the property before attached.

On the 31st January, J. & L. Brewster intervened, and alleged that they had, on the 3d September last, laded on board the ship Nashville, bound from New York to New-Orleans, nineteen boxes of hats marked and directed for F. C. Rose, Jackson, Mississippi, and consigned to H. O. Ames, of New-Orleans, agent for said ship, to be forwarded as directed. That these were goods purchased of them by Rose, but not paid for; and that he has become insolvent and unable to pay the price. They further show that St. John & Best have seized said goods and had them sold, and that various other persons have attached the same. They pray for leave to intervene and be paid in preference.

T. R. Hyde also came in for a share, by attachment, of the same goods, being the holder of two notes, on which Rose was payee and endorser; Wolfe & Clark also intervened and attached, and likewise Hyde & Goodrich; none of these had obtained judgment.

On the 19th March, 1840, a rule was taken by the plaintiff, on all the parties, to show cause why the plaintiff be not paid in full from the proceeds of the sale of the property attached; and a cross-rule was taken by St. John & Best to show cause why the judgments in their favor should not be paid in full.

There was judgment on the rule, allowing the plaintiff the full amount of his claim, as first attaching creditor; and to St. John & Best the next, four hundred and eleven dollars, the amount of their judgment on the attachment; dismissing the intervention of Brewster, and ordering the balance in the sheriff's hands to be held subject to the demands in intervention, in which no judgment had been rendered.

St. John & Best and J. & L. Brewster severally appealed.

*Lockett* and *Micou*, for the plaintiff and appellee.

*I. W. Smith*, for the appellants, St. John & Best.

*Strawbridge*, for Brewsters.

*Simon, J.*, delivered the opinion of the court.

Several suits by attachment having been instituted against the defendants, and the proceeds of the sales of the property attached being in the hands of the sheriff, the plaintiff in this suit, first attaching creditor, after having obtained a judgment in his favor against the defendant, Rose, moved the court for an order on said sheriff, to bring said proceeds into court, together with a statement of all the interventions, attachments and seizures of all persons claiming said proceeds, to show cause why plaintiff's claim should not be paid in full, and that the attorneys of all the other attaching creditors be also notified of the rule, which order was granted.

The parties interested in the proceeds being all before the court, the judge proceeded to settle their respective rights, as in a *concurso*, and began by allowing the plaintiff in this suit the full amount of his judgment, in principal, interest and costs. He then considered the claim set up by Brewsters, intervening creditors, and gave judgment against them on their intervention. The next attaching creditors before the court, were St. John & Best, who were allowed four hundred and eleven dollars with interest and costs; and as to T. R. Hyde, and the other attaching creditors who had not yet obtained any judgment, the judge *a quo*, being of opinion that the balance of the funds being held to respond to any judg-

Eastern Dist.
June, 1840.

HEPP
*vs.*
GLOVER ET AL.

EASTERN DIST.
June, 1840.

HEPP
vs.
GLOVER ET AL.

The first attaching creditor will be allowed the full amount of his judgment, in preference to others, who attach after him.

The vendor has the right to stop the goods *in transitu*, and before they reach their destination, or are delivered to his vendee, on the latter becoming insolvent. This right is paramount to any lien of a third party against the purchaser.

So, where goods, on their passage, are delivered to a consignee, to be forwarded to the vendee, the vendor may claim the right of stoppage *in transitu*, while they are in the hands of the agent or consignee.

If goods are delivered into the possession of a consignee, *for the purpose of conveyance to the vendee*, it is not such a constructive delivery as will deprive the creditor of his right of stoppage *in transitu*.

ment which they might obtain, and to be satisfied in the order of dates of their attachments, ordered said balance to be retained by the sheriff, to be hereafter distributed according to the rule established by the judgment. From this judgment, Brewster, St. John & Best, and Hyde & Goodrich have appealed.

We think the commercial judge did not err in allowing the plaintiff the whole amount of his judgment; he was the first attaching creditor, and his claim was fully and satisfactorily proven, not only by the judgment itself, but also by additional evidence adduced contradictorily with the other creditors.

The next question, which is relative to the right of stoppage *in transitu*, claimed by the intervenors, is not free from difficulty. Under the laws of New-York, "when the vendor sells goods on credit to another, he has the right to resume the possession of the goods, while they are in the hands of a carrier in their transit to the consignee or vendee, and before they arrive into his actual possession, or to the destination he has appointed to them, on his becoming bankrupt or insolvent." 2 *Kent's Commentaries*, 540. The right exists only as between the vendor and vendee, and is paramount to any lien of a third party against the purchaser. In the present case, the goods sold by Brewsters had been shipped in New-York, on board of the ship Nashville, for Jackson, Mississippi, and were consigned to the care of H. O. Ames, of New-Orleans, to be forwarded to the defendant, who lives in the state of Mississippi. It is in evidence that the ship arrived on the first of October, 1839, and on the 4th the attachment was levied on the goods. They were mostly on board of the steam-boat when they were attached, and had not yet reached their destination. The vendee had done no act to defeat the creditor's right, as it cannot be pretended that the goods, though consigned to Ames, were, on reaching New-Orleans, placed under the orders of the vendee, and to remain stationary until he received his directions to put them again in motion for a new and ulterior destination; they were not in the possession of the consignee *for safe custody or for disposal*

Eastern Dist.
June, 1840.

HEPP
vs.
GLOVER ET AL.

*on the part of the vendee,* but were only delivered to him *for the purpose of conveyance to the vendee,* and such a constructive delivery is not sufficient to deprive the creditor of his right of stoppage. 2 *Kent's Commentaries,* 344, 345; *Smith's Law Merchant,* 196, 199. It is then perfectly clear, that at the time the goods were attached, Brewsters had not lost their right of stoppage *in transitu,* and that the circumstance of defendant's becoming insolvent before delivery of the goods to him in Mississippi, would have entitled them to exercise their right and to resume the possession of their goods.

But it is contended that the goods, having been attached, and afterwards sold under a *fi. fa.,* for the benefit of the attaching and seizing creditors, the claim set up by Brewster ought to be defeated. It has been recognized as a safe rule to adopt, that an attaching creditor does not acquire greater rights to the property attached than the defendant himself possesses, 13 *Louisiana Reports,* 570; and it has often been held by this court, that a creditor cannot attach or seize property or rights as belonging to his debtor, to the injury of third persons. Hence, it is clear that whenever the owner of the property has lost all power over it, or, as in this case, has not yet acquired such power as to permit him to dispose of it to the prejudice of others, the creditors cannot attach. 4 *Martin, N. S.,* 667; 2 *Louisiana Reports,* 514. Here, the defendant never had possession of the goods. Before delivery to the vendee, they were subject to the right of stoppage *in transitu.* The intervenors might successfully have claimed them from the defendant, as soon as his insolvency became known; and we are unable to decide that the proceedings of the attaching and seizing creditors of the defendant, ought to have the effect of depriving the intervenors of their indisputable rights. We think the judge *a quo* erred in rejecting Brewster's claim.

The claim set up by St. John & Best to a larger amount than four hundred and eleven dollars, was properly disregarded by the Commercial Court. They had originally attached the goods for the whole of their claim; but having discontinued the greatest part of their demand, and obtained

An attaching creditor does not acquire greater rights to the property attached than the defendant himself possesses.

When the owner has lost all power over his property, or has not yet acquired such power as to permit him to dispose of it, to the prejudice of others, creditors cannot attach.

So, seizing and attaching creditors cannot defeat the claim of the vendor, and deprive him of his right of stoppage *in transitu.*

An attachment can only have effect for the amount of the judgment obtained.

EASTERN DIST. judgment for four hundred and eleven dollars, for this sum
June, 1840. only could their attachment have its effect.   The fact of
LAMBETH AND their causing the goods attached to be sold under a *fi. fa.* in
THOMPSON another suit, cannot give them the right of being paid in
*vs.* preference to previous attaching creditors; and the funds
M'MURRAY ET AL
Attaching cre- proceeding from the sale under execution, properly remained
ditors should be
paid in the order in the hands of the sheriff, subject to the satisfaction of the
of dates of their judgments obtained on attachments previously issued.
attachments, and
not *pro rata.*          We also concur with the judge *a quo* in the opinion that
the attaching creditors ought to be paid in the order of dates
of their attachment, and not *pro rata;* and we think he did
not err in ordering the balance of the funds to be retained by
the sheriff, and distributed, hereafter, accordingly.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the lower court, so far as it disallows the claim
set up by Brewsters, be annulled, avoided and reversed; and
that the said Brewsters be allowed, and do recover, out of the
funds retained by the sheriff, the sum of four hundred dollars,
said sum being the proceeds of the sale of the hats by them
sold to the defendant in New-York, and which were attached
and sold by defendant's creditors; and it is further ordered,
adjudged and decreed, that the balance of the judgment
appealed from, be affirmed; the costs of appeal as between
Brewsters and their appellees, being paid by said appellees;
and the costs of appeal, as between St. John & Best and
Hyde & Goodrich and their appellees, being paid by the
appellants.