MARSHALL & JAMES *v.* FALL & CO. AND FALL & WILSON.—SCHAFFER,
ROBERTS & Co., Third Opponents.

The transitus of goods is not at an end when they are in the hands of an agent for transmission to the
vendee, and on the insolvency of the vendee, the vendor may retake them, although they may
have been attached by a creditor of the vendee.

There were two suits brought by the plaintiffs, one of which was for only $157 and interest. *Held:*
considering the manner in wich the parties thought proper to try them in the Court below, virtually
consolidating them, the motion to dismiss as to one of the suits should not be entertained against the
appellants.

APPEAL from the Second District Court of New Orleans, *Reynolds*, J.
*M. M. Cohen,* for plaintiffs. *Hamner* and *Hays,* for opponents and appellants:

SLIDELL, C. J. *Schaffer, Roberts & Co.* have appealed from the judgment dismissing their third opposition.

It appears the goods were sold in Philadelphia, by *S. R. & Co.* to *Wilson,* a resident of Texas, and were shipped, by a bill of lading dated October, 1852, by *S. R. & Co.*, marked *W. L. Wilson,* Marion, Texas, and consigned to *M. B. Cooper & Co.*, of New Orleans. After their arrival in New Orleans, in December, 1852, *Marshall & James* brought suits by attachment against *J. N. Fall & Co.* and *Fall & Wilson,* of which houses *Wilson* was a partner, and garnisheed *M. B. Cooper & Co.* Thereupon *S. R. & Co.* filed a third opposition and asserted their right of stoppage in transitu.

The insolvency of *Wilson* is, we think, satisfactorily shown, independently of the testimony of *Waul,* to which exception was taken.

So far as the evidence informs us, *M. B. Cooper & Co.* were nothing more than agents for the transmission of the goods to the vendee. It cannot therefore be said that the transitus was at an end, and that the right of stoppage had terminated. See Kent's Com., vol. 2, · p. 544. Smith's Mercantile Law, 452; *Hipp* v. *Glover,* 15 La. 464. Cross on Lien's, 369.

There are two suits brought by the plaintiffs; one of which is only for $157 with interest. But considering the manner in which the parties have thought proper to try them in the Court below, virtually consolidating them, we think the motion for dismissal as to one of the suits should not be entertained against the appellants.

It is therefore decreed that the judgment of the District Court, dismissing the opposition of *Schaffer, Roberts & Co.*, be reversed, and that the goods in the hands of the garnishees, *M. B. Cooper & Co.*, comprised in the bill of lading of the shipment by said *Schaffer, Roberts & Co.* to said *M. B. Cooper & Co.*, be relieved from the garnishment of the plaintiffs, and that as to said plaintiffs the said opponents have leave to retake the said goods; the costs of said opposition in both Courts to be paid by the said plaintiffs.

Application for re-hearing refused.