No. 7224.

FLASH, LEWIS & Co. vs. L. SCHWABACKER & Co. A. LEVY, INTERVENOR.

By a rule of court a second rehearing is not permissible; but when a case is before the court on rehearing, and when the court of its own motion dismisses it for want of jurisdiction, it will, on having it brought to its attention that its action resulted from a manifest error of fact, set aside the order of dismissal, and proceed to determine the case on its merits.

When the claim of an intervenor was for the ownership of things seized, amounting in value to more than $1000, this court has jurisdiction.

The creditors of consignor cannot seize goods after he has lost control of them, by remitting the bill of lading to consignee.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

McGloin & Nixon for plaintiffs and appellants :

First—Where a third opponent claims to be the owner of a specific thing, the value of that thing is the test of the jurisdiction of this court. 25 A. 651 ; 12 A. 48 ; 11 R. 217 ; 28 A. 432; C. P. 398.

Second—The intervenor contends that this motion to dismiss comes too late, after a decision and the re-opening of the case. This would be correct if the motion were made on any other ground than the lack of jurisdiction *ratione materiæ.* If the transcript were deficient, for instance, or if there had been no citation of appeal, or if the bond were informal, we would be precluded from objecting thereto at this time ; and the reason of that is that we would be presumed to have waived those formalities by going to trial on the merits ; but where the court is absolutely without jurisdiction, it will itself, without motion, at any time, take notice thereof, and dismiss the appeal. 16 L. 182 ; 7 A. 492 ; 13 A. 336 ; 19 A. 276 ; 22 A. 400 ; 24 A. 94.

Third—Levy has intervened in our suit because, as he alleges, we have seized his property. The only interest that he has in this suit, and

the only part he will be allowed to take in it is, to test the question whether the property seized is his or not. With questions of the jurisdiction of the court, or the regularity of the attachment or sufficiency of the affidavit, he has nothing whatever to do. 20 A. 174; 8 M. 55; 27 A. 239; 4 N. S. 488; 21 A. 118; 8 R. 123; 3 L. 183; 21 A. 643; 13 A. 222; 28 A. 241; 3 A. 222; 5 N. S. 501; 19 L. 154; C. P. 392-3; 12 A. 341.

Fourth—Goods in the hands of a consignee, who is the mere agent of the consignor, may be attached by the creditors of the consignor.

The *onus* is upon· Levy as intervenor to clearly show his· title to the gold and drafts in question. 24 A. 90; 8 L. 146; 5 L. 486; 7 A. 587.

There could be no transfer of the drafts to Levy, until the parties to them had been notified thereof. A mere order to deliver notes is not a transfer of them. Lassiter vs. Bussy, 14 A. 710; 15 A. 654; 24 A. 90.

Fifth—The affidavit in an attachment suit setting forth that defendants reside out of the State will be taken as true until disproved. 9 R. 94; 24 A. 284.

Sixth—A defendant who resides out of the State is liable to attachment, even if he is a member of a commercial firm domiciliated in this State. 10 A. 726; 28 A. 526; C. P. 240.

Seventh—But the curator has answered to the merits, and has thereby put it out of his power to file an exception which goes to the dismissal of the attachment, on grounds which might have been urged on a rule to dissolve. 7 M. 360; 8 R. 30; 8 R. 428; 1 A. 372; Ealer vs. McAllister, 14 A. 821.

Eighth—The curator cannot be heard. His only standing in this court is as an appellee; and it is well settled that the judgment of the lower court cannot be reversed by the Supreme Court as between appellees. See Converse, Kennett & Co. vs. Steamer Lucy Robinson, etc., 15 A. 433; Lallande vs. McRae, 16 A. 193; Succession of Egana, 18 A. 263; Noble & Kaiser vs. Powell, 20 A. 121; LeBlanc et al. vs. LeBlanc, 20 A. 206; Boisee vs. Hederick, 20 A. 307; Bowman vs. Kaufman, 30 A. 1021, and authorities there cited.

F. L. Richardson for defendants and appellees:

Defendants desire to reply to only one point raised by plaintiffs in their brief.

They claim that defendant being an appellee cannot be heard to ask for a reversal of the entire judgment, for the reason that he can only pray for the partial reversion of the judgment, under article 592, C. P.

This question was decided adversely to the position of plaintiffs in Oger vs. Daunary, 7 U. S. 657, where the court held:

"The object of the legislature in this article was to save the appellees the trouble and expense of a distinct appeal where the case was brought up by the adverse party. It would be strange to allow the appellee a relief without a second appeal in case of a partial error, and deny it to him in case the judgment was wholly erroneous."

D. C. & L. L. Labatt for intervenor:

First—Service of supplemental petition on a garnishee is not sufficient to bring him into court when no copy of the original petition has been served on him. 17 L. 547 ; C. P. 251.

Second—Non-resident debtors having a commercial domicile here cannot be attached. 2 A. 962.

Third—Intervenor urges that, if under the answers of garnishees the court had no jurisdiction, it is clear that the sheriff could not confer jurisdiction by taking the property out of the hands of garnishees, for that purpose, even under written instructions from plaintiffs. The sheriff had no order of court to authorize him to take the property inquired about out of the hands of garnishees, and it was their duty to have retained it until its ownership was determined, and which their answers failed to disclose. The testimony in the record shows it was duly shipped and consigned to A. Levy, as his property, to liquidate *pro tanto* a *bona fide* indebtedness. A written receipt or bill lading was issued, and in intervenor's possession at the time of the seizure (see p. 243), and the rule of law is that " where the owner has lost his control over the property and cannot change its destination, and when the title to it has been legally vested in another, his creditors cannot attach; but whenever the owner can sell and deliver the creditor can attach." Armor vs. Cockburn, 4 N. S. 667 ; 7 N. S. 139 ; 4 L. 183 ; Hepp vs. Glover, 15 L. 461 ; 18 L. 321, 447 ; 2 R. 251 ; 5 R. 124 ; 12 R. 409 ; 3 A. 78 ; 8 A. 45 ; 4 R. 517 ; 2 L. R. 514 ; 13 L. 570.

Fourth—Another principle invoked by intervenor is that by the Statutes of the United States, p. 776, sec. 3988, it is made the duty of the captain, before breaking bulk, to deposit all letters and packets in the nearest post-office ; and the plaintiffs cannot be permitted to get illegal possession of letters and packages of money thus transmitted any more than if they were to seize letters in the post-office before their delivery. It is upon this principle that property fraudulently or surreptitiously brought within the jurisdiction of the court must be returned to the place where it lawfully belongs. 14 A. 441 ; 4 A. 108 ; 6 A. 207 ; 5 A. 710 ; 8 A. 369 ; 24 Wend. 369 ; 12 Pick. 270.

Fifth—When the undisproved answers of garnishees declare that they have no property in their hands belonging to defendant, the actual

seizure of goods in their hands by the sheriff will not give the court jurisdiction.  8 O. S. 511 ; 6 A. 782.

The opinion of the court was delivered by

MANNING, C. J.  The plaintiffs sued for the recovery of $2,473.80 and took out process of attachment, under which a package of gold coin, in amount $235, was seized.  A curator was appointed to the defendants who excepted to the jurisdiction, which was overruled, and the general issue was then pleaded.  Levy intervened claiming the ownership of the gold ; the plaintiffs had judgment against all parties.  The intervenor appealed.  The defendants did not appeal.

The defendants' curator has not filed an answer to the appeal, nor prayed the amendment of the judgment.  In his brief he asks for its reversal.  He cannot be heard to do this.  He is appellee.  If he desired the reversal of the judgment he should have appealed from it.

The intervenor is not interested in the judgment on the principal demand, and we are not therefore to consider it.  The right to the gold coin is the only question before us, and our jurisdiction of the principal demand carries with it jurisdiction of this smaller sum.  Colt v. O'Callaghan, 2 Ann. 189 and cases there cited.

The following bill of lading or receipt was given by the captain of the vessel for the coin ;

Received Ruatan Nov. 24, 1875, from Mr. S. Bernstein one package said to contain two hundred and thirty-five dollars in gold, to be delivered to Mr. A. Levy care Hoffman, Marks, & Co. New Orleans.  Wm. W. Ryan Capt. Schooner Anita.

Levy had received this bill of lading before the attachment was levied, and urges that hence the property of the consignment was vested in him.  The plaintiffs concede " there is but one question before the court, and that is, to whom did the gold seized by the plaintiffs belong.  If to the defendants, then the judgment of the lower court must be maintained ; if to the intervenor, then it must be reversed."

The object of a great part of the testimony was to prove that Levy was but an agent of the defendants, and that the shipment was to them, and the property of the gold was in them continuously.  The package had written on it, " can be delivered to Mr. Rideau," and he was a clerk of the firm in New Orleans.  The testimony is too voluminous to be recited.  We have drawn from it the conclusion that on the receipt by Levy of the bill of lading the property of the gold vested in him, and neither the defendants nor their creditors could seize or attach it to his prejudice.

It is indisputable that creditors cannot attach the property of their debtor after he has lost all control over it.  The package of gold had

been consigned to Levy, and the bill of lading was in his hands when the creditors of the consignors attached it. Whether the consignment was to pay a debt due Levy or some third party, it is equally true that the consignors could not have changed the destination of the gold after the bill of lading had reached the consignee. If a consignor direct his goods to be sold for the payment of one of his creditors, and the consignee promises to do so, the goods are not liable thereafter to be attached for another debt of the consignor. Armor v. Cockburn, 4 Mart. N. S. 667. This is a stronger case. It was money sent to pay certain debts of the consignors.

This principle has received the assent of this court in numerous decisions which may be consulted to shew the different circumstances in which it has been applied. Babcock v. Malbie, 7 Mart. N. S. 137. Hepp v. Glover, 15 La. 461. Bank v. Morton, 12 Rob. 409. Oliver v. Lake, 3 Annual, 78. Hill v. Simpson, 8 Annual, 45, and cases there cited.

It is therefore ordered adjudged and decreed that the judgment of the lower court against the intervenor A. Levy is avoided and reversed, and that he now have judgment against the plaintiffs upon his demand and for the costs of his intervention in the lower court and the costs of appeal.

---

MARR, J. Under the writ of attachment issued in this case, a package of gold coin, containing $235, and another package containing three drafts, each for $400, were seized. Intervenor claimed the ownership of both packages; and he alleged in his petition that the package containing the drafts exceeded $500 in value. He appealed from the judgment rejecting his intervention; and gave bond in the sum of $3000.

In the oral argument in this court it was stated by plaintiffs' counsel, in good faith, we have no doubt, that the only matter in dispute was the package of gold coin. This was not denied, at the time; and the impression of every member of the court was that, by some agreement between the parties the title to the drafts had been eliminated from the controversy; and that it was an admitted fact, disclosed by the record, that the dispute was narrowed down to the ownership of the gold coin. Our original decree, and the order dismissing the appeal, proceeded upon this hypothesis, which we did not consider it necessary to verify by searching through the pages of the three large transcripts containing the history of this litigation.

Counsel for intervenor has called our attention to the facts that the judgment rejecting the intervention necessarily passed upon the title to the drafts as well as upon the title to the coin; that the bond of appeal

presupposes a value in controversy far beyond that of the coin; and that the title to these drafts is in dispute on appeal.

After a final decree on the merits, and the granting of a rehearing a motion to dismiss an appeal could not be entertained, as such. But every court is compelled, *ex officio*, to take notice of its want of jurisdiction, *ratione materiæ*, at any stage of the cause, and whenever the suggestion is made; and while, after the granting of a rehearing, motion to dismiss could not be entertained, the court would be compelled, of its own motion, to dismiss the cause, if it had not jurisdiction. We dismissed the appeal, in this case, as of our own motion, upon the fact assumed in the original opinion, that the amount in dispute was only $235.

By a rule of this court a second rehearing is not granted; but all the orders and decrees of this court are subject to the control of the court until they have become irrevocable by the lapse of six judicial days, or by the issuing of the mandate to the court of first instance, where this delay is not required. What the court may do, on the application of parties litigant, and what it may do of its own motion, in order to correct manifest error in its own proceedings, are things wholly different. As we dismissed the appeal in this case of our own motion, without regard to the merits, for supposed want of jurisdiction, it is our province now, of our own motion, to revoke, vacate, and annul the order of dismissal, upon the suggestion that we have proceeded upon a misapprehension of the facts upon which the jurisdiction depends, in order that we may ascertain from the record what the amount in dispute actually was at the time the appeal was taken; and may deal with the case, on the rehearing, as the facts may require.

It is therefore ordered that the opinion and order dismissing the appeal for want of jurisdiction be revoked, vacated, and annulled; and that this cause be re-instated, and restored to the position which it occupied by the submission on the rehearing, as if the opinion and order of dismissal now revoked, vacated, and annulled had not been rendered.

---

## ON REHEARING.

MARR, J. The rehearing in this case was granted solely upon the question of jurisdiction.

Under the writ of attachment issued at the suit of plaintiffs against the property of defendants, a package of gold coin, amounting to $235, was seized. Alexander Levy, who was not a party to the suit, intervened by way of third opposition, and claimed to be the owner of the coin; and he appealed from the judgment rejecting his claim. Obvi—

·ously, therefore, the matter in dispute is the ownership of this coin ; :and there is no other controversy between plaintiffs and Levy.

On the authority of Colt vs. O'Callaghan, 2 An. 189, and the cases 'there cited, we held that the amount demanded by plaintiffs of defendants was the test of appellate jurisdiction.

The Code of Practice, articles 395 *et seq.*, authorizes a third person to arrest the order of seizure or the judgment rendered in a suit, or to regulate the effect of such seizure so far as it relates to him, for two ·causes :

1.　When he pretends to be the owner of the thing which has been :seized.

2.　When he contends that he has a privilege on the proceeds of ·the thing sold.

Article 398 provides that when the third opposition is based upon ·the first of these causes, the pretended ownership of the thing seized, ·"such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted."

The demand of Levy, in this case, was, therefore, a separate demand or suit, and the matter in dispute in that separate demand would seem to be the test of jurisdiction.　We yielded to what we believed to be settled jurisprudence in regarding the amount demanded by plaintiffs of defendants as the test.

In Colt vs. O'Callaghan, 2 An. 189, the report is meagre ; but the ·parties intervening are styled "intervenors," from which we infer that ·they did not claim to be the owners of the thing seized ; but asserted a privilege on the proceeds.　This was the case in another suit between ·the same plaintiff and defendant, 2 An. 984, in which the jurisdiction ·was maintained on the ground that the intervenors had united in their petition of intervention ; that the aggregate amount of their claims exceeded the appealable limit ; and that "the value of the thing seized," :as well as the amount of plaintiff's demand, also, exceeded the limit.

The two cases referred to in Colt vs. O'Callaghan, 2 An. 189, are .Hart vs. Ludwick, 8 La. 164, and Buckner vs. Baker, 11 La. 459.

In the first of these cases, plaintiff demanded some $2400 ; and ·attached defendant's interest, one fourth, in a steamboat.　The boat was ,sold, and the proceeds were in the hands of the sheriff.　The intervenors were privileged creditors, for wages, etc.; and the plaintiff appealed from ·the judgment maintaining the interventions.　One of the intervenors ·moved to dismiss, on the ground that his demand was below the appealable amount.　The court said :

"We are of opinion that the amount claimed by plaintiff　*　*　* imparts to the suit its character in relation to its susceptibility of being

the object of an appeal; that is, *so far as regards the plaintiff, all the incidents in the suit are subject to an appeal.*"

In Buckner vs. Baker, the plaintiffs, ordinary creditors for some $2500, attached a steamboat, which was sold; and the contest was between the seizing creditors and the intervenors, who claimed the right to have their privileged demands for wages, aggregating $600, paid out of the proceeds. The appeal was by plaintiffs from the judgment maintaining the claims of the intervenors. The court maintained the jurisdiction on the authority of Hart vs. Ludwick, and upon the same grounds.

There is an obvious distinction between those cases in which a fund is to be distributed according to the rank and priority of the several contesting creditors respectively and those in which a third person opposes the seizure on the ground that the property seized belongs to him. In the first class of cases it has been held, perhaps it may be considered as finally settled, that the amount claimed by plaintiff, and the amount of the fund to be distributed, must control the question of jurisdiction; but in the second class, where the contest is not as to the distribution of a fund, but as to the ownership of a particular object seized, the amount demanded by plaintiff is not the matter in dispute; and it cannot be the test of jurisdiction. The demand of the third opponent is a separate and distinct one, in which the matter in dispute is the right to the specific thing seized, which he claims as owner; and no appeal lies from the judgment determining that right, where the value of the thing is below the appealable limit.

The want of jurisdiction is apparent on the face of the record; and we erred in our former conclusions.

It is therefore ordered that the original opinion and decree herein rendered be set aside and reversed; and that this appeal be dismissed.

———

SPENCER, J. Having re-instated this case upon the docket, it only remains to consider the questions presented on the rehearing.

The intervenor claimed the ownership of three drafts of $400 each, and a package of $235 in gold, which had been attached by plaintiffs in their suit against defendants. The judgment appealed from rejected intervenor's demands *in toto*, thereby denying his ownership of the drafts, as well as of the gold. It is manifest his interests as asserted and adjudged exceeded $1000, and that we have, therefore, jurisdiction.

On the merits, we are satisfied with the correctness of the legal principles announced in our first decree.

It is said that there was no bill of lading for the gold. This is a mistake. The receipt of the vessel for this package is in the record,

and by it the vessel agreed to transport and deliver the package to the consignee.

It is also shown that Levy was in receipt of duplicates of the drafts at and before the time of the attachment.

It is therefore ordered and decreed that the judgment appealed from is, so far as concerns the intervenor, annulled and reversed, and it is now decreed that said intervenor be and he is declared owner of the package of gold ($235), and of the drafts attached in this case; that said attachment is set aside, and that intervenor recover the costs of his intervention in this court and the court below.