## No. 171.

J. ROUTIER *v.* D. HUGHES *et al*—LOUIS R. SASSINOT, Intervenor.

1. Where suit is brought for $611.00 and an intervenor appears. claiming $388.00 thereof, and the final judgment is against defendant for the full sum originally claimed, $388.00 thereof in favor of intervenor, and the remainder in favor of the plaintiff; held, that, upon the appeal of defendant, the controversy must be considered as one involving the sum of $611.00, and hence, appealable to this Court on questions of fact, as well as law.

2. The provisions of La. Rev. Statutes, Sections 2879, 2880, 2881, 2883, 2884, and of La. Civil Code, Arts. 2270, 2272, 2274, all popularly known as the mechanic's lien laws, are express and exceptional, and they must be restricted to cases coming clearly within their provisions.

3. These provisions of law apply only to cases where work is being done, by contract, *for the owner or proprietor*.

4. They cannot, therefore, be held to apply where the party, at whose charge the work is being done, is a mere *lessee*, and not the *owner or proprietor*.

*Appeal from the Civil District Court, Division A.  Tissot, J.*

*Albert Voorhies* for Sassinot, intervenor, appellant.

*Braughn, Buck & Dinkelspiel* for defendants.

ON MOTION TO DISMISS.

McGLOIN, J.—Plaintiff sued defendants *in solido* for $611.00, with interest.  L. R. Sassinot intervened, claiming that of this sum $388.71 should be adjudged in his favor.  There was judgment in favor of Sassinot for the amount of his claim, and in favor of plaintiff for $222.29.  Defendants, Hughes & Co., have appealed.  The intervenor demands a dismissal as to himself on the ground that his demand is for less than $500.00, and hence appealable only on questions of law, and that there is neither assignment of error, bill of exceptions or statements of facts. The cause was tried below as one appealable upon questions of law and facts, and the testimony, etc., was taken in writing and is in the record.

It may be true that where a cause is appealable alone on questions of law, the mere presence in the record of the testimony reduced to writing does not do away with the necessity of the statement of facts as required by law and the rules of this Court ; but we do not see the application of this principle. The character of the cause, in the connection under consideration, is determined by the amount claimed in plaintiff's petition, and if fully appealable as to him, it is equally so as to and against the intervenor, even though the latter claims less than five hundred dollars. The case comes clearly within the scope of the following authorities : Hart vs. Ludvick, 8 La. 167 ; Buckner et al. vs. Baker et al., 11 La. 462 ; Colt vs. O'Callahan, 2 La. An. 189 ; Haughery vs.

Thiberge et al., 24 La. An. 442; Picard vs. Weil & Wade, 30 La. An. 625; Alter vs. O'Brien, 31 La. An. 452.

The motion to dismiss is therefore denied.

### ON THE MERITS.

Defendants, Hughes & Co., were lessees of certain public markets of the City of New Orleans, and as such entered into a contract with Geo. McNeil for certain repairs on said markets, amounting to $2125. McNeil sub-contracted with Routier for painting and some other work, at a total expense of $1200. Sassinot furnished Routier with paint and other material, amounting to $385.71. Routier sues Hughes & Co. and McNeil for an alleged balance of $611, the latter as first or principal debtor, and the latter, under the mechanic's lien laws, for anticipated payments. Sassinot intervenes against all for his bill. The judgment below is favorable to Routier and Sassinot, and Hughes & Co. alone have appealed.

Hughes & Co. are clearly under no liability to either plaintiff or intervenor, unless their case comes under the operation of the mechanic's lien laws of the State. La. C. C. Arts. 2270, 2272, 2274, and La. Rev. Stats. Sections 2879, 2880, 2881, 2883, 2884.

The legislation invoked is special and exceptional in its nature, and must be restricted to cases clearly within its provisions. A perusal of the Articles and Sections shows that they apply only where work is being done by contract for *the owner* or *proprietor*, and hence, we cannot extend them so as to cover cases where it is a *lessee* who is the principal contractant. To do so would be to do more than merely to interpret or enforce; it would be to amend the laws themselves.

The case being before us only as to Hughes & Co., we must limit our enquiry and action to them alone.

The judgment appealed from is, therefore, reversed as to defendants, D. Hughes & Co., and judgment is now rendered in their favor and against both the plaintiff and intervenor with costs of both courts.