Mathews, J.
delivered the opinion of the court. The police jury brought this action, it* *16 their corporate capacity, to recover from the def fendant, the sum of fe¡99 dollars, paid by them to several inhabitants of the parish, for work and labour done in making a levee on the land of the defendant, who resists their claim on every ground that could be imagined, in a laborious and ingenious defence.
The answer contains a peremptory exception to the sufficiency of the petition, in law, to authorize a recovery and a general denial.
During the trial of the cause, in the parish Court} eight bills of exceptions were taken by the defendant’s counsel and must be disposed of before a discussion on the merits.
The first is to the introduction of any testimony, on the cause of action set forth in the pe*> tition. This is nothing more than a repetition of the exception in the answer, which was attempted to be supported on two grounds : that the police jury have no right to sue eo nomine, as a corporation and that, by their own shewing, they have not pursued the course prescribed by the law by which they were created and under ■which they now act.
The acts of the legislature of 1807 and 1818 have created political bodies to direct nnd man-’ age the police of their respective parishes, ua- *17 tier the name of police juries : and, it is a pnn- . . ciple of law at, when a corporation is formed and named hy a competent authority, it acquires certain rights and powers, capacities and in-capacities, among which is that of suing and being sued hy its corporate name. Civ. Code, 88, art. 6. 1 Slack. 47T. If the creation and name given to a corporation are circumstances in themselves sufficient to confer on it the capacity of suing and being sued, there can be no necessity for any express enactment, to this effect. But, there is an act of assembly of 1817? by which police juries are authorized to sue in cases like the present, and, although passed long since the performance of the work, for which a remuneration is claimed, in the present action.it is not, in our opinion, unconstitutional, as being ex post facto, or impairing the obligation of a contract. It creates no new penalty for an act or offence previously committed. So far from having a tendency to impair any obligation, arising from a contract or quasi contract of the parties, it is declaratory of the means by which it may be enforced. The capacity of the plaintiffs to sue, in their corporate name, is thus far clear and evident. Their right to recover on the cause ef action, as set forth in the peti» *18 tion, depends on the powers which they possess to act for the individuals of their parishes, found íq circumstances like those in which the defeud-ant is stated to have been, as the time the work and labour was performed for him by their order.
It is agreed that police juries derive all their powers and authority from the acts of the legislature above cited, and that these are to be taken and considered as one act, so far as the provisions of the first are not inconsistent with those of the latter. Both acts grant to police ju* lies power, in the most general terms, to make regulations relative to roads and levees according as circumstances may require, and, in some instances, the judge of the parish has the right of ordering a levee to be made, at the expense of an inhabitant, who fails to comply with the regulations of the police jury.
Thepetitiou states that the defendant was required to complete his levee, within a limited time, which he had been ordered to make under a-regulation of the police jury — that he was unable or uuwilling to perform the work required of him, and the parish judge ordered it to be done, at his expense, which was accordingly carried into complete execution and paid out of the parish treasury — &c. It is believed that *19 the petition sets forth a good cause of action, and evidence ought to have been received in support of the allegations therein, and consequently that the parish court was correct in overruling the defendant’s objection to any evidence in support of the action.
The seven remaining bills of exceptions are to the admissibility of certain witnesses, on the score of incompetency and of written evidence offered by the plaintiffs. The objection to the witnesses, on the score of their being members of the corporation, must be repelled, according to the act of the territorial legislature of the S6th of March 1806, 3 Martin’s Digest, 482, n. 5.
The objection made to the admission in evidence of the minutes of the deliberations of the police jury, on account of their being in the French language ought not to be sustained. They are not of that class of proceedings required by the constitution to be in English.
Taking the whole of these exceptions together we do not discover in the opinion of the parish court, any error requiring that the cause be remanded, and we will proceed to investigate it on its merits.
In doing this, it is necessary to recur to what has been already noticed, in part, in treating of *20 the first bill of exceptions, in regard to the pow-ei's granted by law to police juries. They have a general power to direct the making of levees, jn tlieir respective parishes, and as to their structure and the time within which the planters may be required to perform the works ordered thereon. It is a power which ought to be discreetly used : but to give a full effect to it, whenever an inhabitant is unable or unwilling to complete a levee, required to be made by him, accordio n; to the dimensions and within the time prescribed, and the whole neighborhood is exposed to injury by his inability or perverseness, it has been thought proper by the legislature to grant power to the parish judge to order it to be made at the expense of the delinquent.
In the present case, the appellee was required to make his levee, the necessity and extent of which was determined by the police jury.- He failed to do it, and the work was completed by the slaves of the neighboring planters, in obedience» to the order of the parish judge, and they were paid out of the parish treasury. But it is said that, these things were done without proper authority, because it does not appear that the jury, who made the regulations relative to the levee of the parish in general, and particularly in relation to that of the defendant, were con- *21 • séituted as the law requires, and therefore all . . these acts are void, and because the judge did not visit the levee of the defendant as he was required to do by the act of 1817, 2 Martin’s Digest, 588, n. 2, before he ordered the work to be done at his expenses. The police jury must be presumed to be legally organized when they acted, unless the contrary be shewn, which in the present case, it is believed has not been done. The list of the justices o'f the peace, produced by the appellee, from the registry of the executive, does not contradict the presumption that a sufficient number, of those who were distinctly of the parish, were present at the enactment of the regulations relied on by the plaintiffs in the present case. The visits of the parish judge, before ordering the making and completion of levees, at the charge of individuals, can only be inferred as means of obtaining correct information when the works have been ordered by the general regulations of the police jury. In the present case, the jury have1 by special regulations required the work to be completed by the appellee, and on his failure, the neighboring inhabitants were compelled to perform it, and have been paid by the parish to whom the amount ought to be refunded, according to the just value of the work performed* *22 What this value mav be is the only question . . . , which remains to be examined.
The work was paid for at the rate of three dollars per cubic toise. The act last cited allows to the inhabitants one dollar per day for the labour of their slaves, when compelled to work as in the present case : we are of opinion that this provision of the law ought substantially to be carried into effect. The evidence is various and contradictory, as to the time which would be requisite for a good la-bourer to complete a cubic toise of levee. Some of the witnesses say that it would require three days and others only one. The truth most probably would give a medium portion of time— twh days for each toise, which we think proper to adopt, in fixing the amount of the judgment.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed: aud proceeding to give such a judgment as in our opinion ought to have been given, it is further ordered, adjudged and decreed, that the plaintiffs and appellants recover from the defendant and ap-pellee the sum of two thousand, seven hundred and fifty-two dollars, with costs in both courts.