CORNIE *vs.* LE BLANC.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the case depends mainly on matters of fact, the Supreme Court will allow great weight to the verdict of a jury, which must be necessarily increased when a party is brought before the Court of Appeals with the benefit of two verdicts in his favor.

Where the claim exceeds five hundred dollars the testimony of a single witness will not avail without corroborating circumstances.

The petition set forth that one Bijotat had executed to the plaintiff a promissory note for one thousand two hundred dollars, which the defendant assumed to pay. That six hundred dollars had been received on account, leaving a like sum unpaid, and to recover which, the present action was brought.

The assumpsit of the defendant, and the receipt from him of one-half the amount of the note was proved by the testimony of Romain, who acted as the agent of the plaintiff, and who further testified that when the assumpsit was given, the defendant observed he could do so with safety, having in his possession effects of Bijotat for sale. It was also in evidence that these effects were sold at auction, and the proceeds paid to the defendant. There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Seghers*, for appellant.

The plaintiff's claim is proven by the deposition of a credible witness, and other corroborating circumstances: there must, therefore, be judgment in his favor. *La. Code, art.* 2257.

*Moreau* and *Soulé*, for appellees.

*Mathews, J.* delivered the opinion of the court.

This is a case in which an attempt is made to make the defendant responsible on an alleged assumpsit to pay a promissory note for one thousand two hundred dollars, executed

by a certain Auguste Bijotat to the plaintiff. The only witness offered to prove the assumpsit is one Pierre Romain. A suit was formerly instituted on the same grounds of action now set forth in the present, which was brought up by appeal to this court, and the plaintiff non-suited for want of legal proof to support his case. On the re-commencement of suit in the court below, the cause was tried by a jury, who gave a verdict for the defendant. A new trial was then granted at the instance of the plaintiff, the cause submitted to a second jury who also found a verdict similar to that of the first; and judgment being thereon rendered, the plaintiff took the present appeal.

Where the case depends mainly on matters of fact, the Supreme Court will allow great weight to the verdict of a jury, which must necessarily be increased when a party is brought before the Court of Appeals with the benefit of two verdicts in his favor.

The decision of this case depends mainly on matters of fact, and in such cases we have been in the habit of allowing great weight to the verdict of a jury, which must necessarily be increased where a party is brought before the Court of Appeals with the benefit of two verdicts in his favor. His situation ought not to be changed unless there be the most palpable error in the finding of the jury; their verdict must appear to be grossly contrary to truth, as established by the evidence of the cause, before this court will assume the power of setting it aside. Now in the present case, the verdict does not appear to us, to be in opposition to the inference which the jury may have fairly drawn from the testimony. Without corroborating circumstances, the testimony of the single witness was without avail as established by law; he was incompetent to support the case of the plaintiff. The circumstances adduced in aid of this testimony do not appear calculated to give it any great additional force, more than that which it might have derived from the character of the witness, and the indifference of his standing in relation to the parties litigant. Combined with the corroborating circumstances offered in evidence, the jury had a right to weigh the credibility of the witness. They have done so, and we are not prepared to say that they have come to a wrong conclusion.

Where the claim exceeds five hundred dollars, the testimony of a single witness will not avail without corroborating circumstances.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.