ELIZA W. WARFIELD, Administratrix of the Succession of John M. A. Hamblin, deceased, *v.* MARIE B. LUDEWIG and another.

The plaintiff in an action not submitted to a jury, may discontinue at any time before judgment is rendered by the court. C. P. 491.

Where a receipt given by an attorney for certain notes transferred to his principal in settlement of a debt due to the latter, does not specify or describe the notes, the evidence of the attorney who made the settlement, will be admissible, in an action by his principal on the notes, to prove that the party who transferred them agreed to guaranty their payment. The testimony does not contradict the receipt.

The fact that certain notes, endorsed by the defendant, and transferred by him in settlement of a debt due to the plaintiff, were past due, and were transferred to pay a debt for which the defendant was liable, renders it improbable that the plaintiff agreed to release the defendant from his previous responsibility, and is a sufficient corroborating circumstance, taken with the testimony of one witness, to establish an agreement on the part of the defendant to guaranty the payment of the notes so transferred, though for an amount exceeding $500.

A surety is not discharged by forbearance, or delay in suing his principal. Is is only when the creditor, by giving time to the debtor, deprives the surety of the means of insisting on immediate payment, in case he pays the debt and is subrogated to the rights of the creditor, that the surety is discharged.

APPEAL from the District Court of Ouachita, *Curry*, J.

*McGuire* and *Ray*, for the plaintiff.

*Copley*, for the appellants.

MORPHY, J. The defendants are sued, *in solido*, on a note of $412 42, drawn on the 11th of December, 1837, by Marie B. Filhiol and Augustus Ludewig, whereby they, and each of them, promised to pay, on the 1st of January, 1838, to Holmes & Dabbs, the said sum, with ten per cent interest until paid. The petition avers, that, in April, 1838, the defendant, Hardy Holmes, being indebted to the plaintiff, as administratrix of her husband's estate, transferred and delivered this note to her, in payment, for the amount specified on its face, and specially agreed to warrant the payment of the same. That, in March, 1840, the plaintiff brought suit, and obtained a judgment against Augustus Ludewig, but that he died some time after, leaving an insolvent succession, and that the claim has been demanded from the curators of his estate without effect. The petition further avers, that since the death of Augustus Ludewig, the defendant, his

widow, has acknowledged the debt to be her own, and promised to pay it, &c. The defendants filed separate answers. Marie B. Ludewig pleaded that she was a married woman, when she signed this note jointly with her late husband, Augustus Ludewig, for whose debt it was given, and she expressly denied having ever promised, or engaged to pay after his death. Holmes pleaded the general issue, denying that he had ever guarantied to the plaintiff the payment of the note sued on, and averred that he only transferred to her this note, with others, in settlement of an account with her husband, John M. A. Hamblin, on which he owed a balance. He further averred that, if he ever guarantied the payment of this note, the plaintiff has lost all recourse on him, by having neglected to collect the same of Augustus Ludewig in his lifetime, when he was solvent, and able to pay his his debts, and by having, moreover, in the fall of 1840, given time to the said Ludewig, and suspended all pursuit against him. There was a judgment of nonsuit as to Marie B. Ludewig, and in favor of the plaintiff against Holmes. The defendants both appealed.

After the case had been argued, and submitted to the inferior judge for his decision, the plaintiff's counsel asked leave to discontinue the suit as against Marie B. Ludewig. She objected to this being done, and insisted upon a final judgment being rendered in the case, on the ground that the application came too late. The judge having allowed the discontinuance prayed for, she took a bill of exceptions. The court, in our opinion, did not err. However it may be with regard to jury trials, the Code of Practice authorizes a plaintiff to discontinue his suit at any stage of it, before judgment is rendered by the court. Art. 491. *Applegate et al.* v. *Morgan et al.* 5 Mart. N. S. 642.

On the trial, the testimony of R. F. McGuire was offered, to prove that he was the person who made the settlement between the parties; that the note sued upon was one of these mentioned in the receipt written at the foot of the account, as transferred to the plaintiff in settlement of the same; and that it was expressly agreed and understood, before he consented to receive them for the plaintiff, that Holmes would warrant and guaranty their payment. The evidence was objected to on the ground that it

went to contradict the written receipt given at the time of the endorsement of the note sued on, and that no prior understanding could be proved, nor any declaration shown to have been made before, or at the time of the execution of the receipt and the endorsement of the note. This objection was overruled, and the defendant took a bill of exceptions. The judge, we think, decided correctly. The receipt at the foot of the account was executed in consequence of the previous agreement, and to give an acquittance to the defendant in consideration of the notes transferred to the plaintiff. It does not specify or describe any of the notes, and is very vague.* It was, therefore, competent for the plaintiff to show by the person who made the settlement for her, that the note sued on was included in this settlement, and that the defendant agreed to guaranty the payment of the notes he transferred in payment of a debt of his own. This testimony does not, we think, contradict the written receipt; and the endorsement of Holmes & Dabbs, which was necessary to transfer the note, is in no way inconsistent with the individual obligation of Holmes to guaranty its payment. If such an understanding had not existed, the plaintiff, on making a demand on the drawers within a reasonable time, and protesting the note, could have held responsible the firm of Holmes & Dabbs. 12 Mart. 183. No step was taken to fix the responsibility of the firm, the defendant Holmes having always admitted his personal liability as guarantor. It is shown that he frequently expressed the fear of being ultimately obliged to pay this note, as Ludewig, he said, was managing badly, and might become insolvent; and that, in March, 1840, he urged plaintiff's counsel to bring suit against Ludewig, and, on being informed that he had done so, said he was glad to hear it, as he was afraid he would have to pay the note.

It has been urged that the testimony, if legal, is insufficient, as the agreement of guaranty which it is offered to prove, exceeds in value five hundred dollars, and the record exhibits no corroborating circumstances. We think otherwise. The fact

---

* The receipt appended to the account, is as follows : " On settlement this day, received from Hardy Holmes, in endorsed notes, the balance due."

that the notes were past due, and transferred to pay a debt for which Holmes was liable to the plaintiff, is, of itself, a corroborating circumstance, as it renders improbable the supposition that she agreed to release him from his previous responsibility. The law does not presume novation; and this is a sufficient foundation upon which to let in the parole evidence offered on the trial to prove the guarantee.

It has not been shown that the plaintiff ever agreed to give time to Augustus Ludewig or his widow, so as to preclude or suspend her right of suing either of them, to the prejudice of Holmes, A surety is not discharged by the creditor's forbearance, or delay to sue the principal debtor. This result is produced only, when the creditor, by granting time to the debtor, deprives the surety of the means of insisting on immediate payment, in case he pays the debt, and is subrogated to the rights of the creditor. 4 Mart. 640. 3 Mart. N. S. 596. 8 Mart. N. S. 277. 3 La. 214. 5 La. 267.

*Judgment affirmed.*