JOHN H. HANNA *v.* THERON A. BARTLETTE and another.

An appeal will lie from a judgment on a reconventional demand, where the amount claimed in reconvention is sufficient to give jurisdiction to the Supreme Court, though the original demand, being under three hundred dollars, no appeal could be taken from the judgment on it. In such a case, the judgment on the demand in reconvention will alone be examined on the appeal.

APPEAL from the District Court of the First District, *Buchanan,* J. This was an action on a protested bill of exchange, for $150, date 15 April, 1843, drawn by one G. Campbell, and accepted by T. A. Bartlette. The latter answered that he had accepted the bill sued on, with another of the same date and amount, payable on the 1st, of October, 1844, but that he received no consideration therefor; that the consideration for which they were given, was an illegal and immoral one, as between the plaintiff and the drawer, to wit, the hire of a slave as a concubine for the latter; that plaintiff agreed to allow the slave to live with Campbell, for two years, for the sum of $300; and that he, Bartlette, was induced to sign a contract, reciting that he had hired the slave for two years, and to accept the bills, on the representations of Campbell and the plaintiff, that the girl was an industrious servant, and would earn the amount of her hire, which Campbell would hand to him, to pay over to the plaintiff. He prays that the contract for the hire of the slave may be recinded, and the acceptances of the two bills cancelled.

A witness named, Leach, introduced by the defendant, Bartlett, testified, that the plaintiff had offered to sell him the slave, telling him, at the time, that she had been living for several years with Campbell. He deposed that she still continued with the latter. The contract between Bartlette and the plaintiff was offered in evidence. There was a judgment below in the favor of the plaintiff. Bartlette appealed.

*R. H. Chinn,* for the plaintiff.

*Bartlette,* pro se.

MARTIN, J. The defendants are sued as drawer and acceptor of a bill of exchange, for one hundred and fifty dollars. Judgment by default was taken. It was set aside as to the ac-

ceptor Bartlette, on his answer. He urged that the acceptance he was sued on, and that another bill of the same amount, now in the hands of the plaintiff, but not yet payable, were given without any value received, but on a contract *contra bonos mores*, to wit, the hire by the plaintiff to the drawer, of a female slave, intended by both parties to live in concubinage with the latter. He, therefore, opposed the recovery on the acceptance sued upon, and in reconvention demanded the recission of the immoral contract upon which the bills were drawn and accepted.

The plaintiff had judgment on his petition, and on the plea of reconvention, The defendant Bartlette took a suspensive appeal, and gave a bond for $250. In the case of *Caffin* v. *Pollard,* 3 Robinson 124, we held, that when the original demand was under three hundred dollars, and the demand in reconvention above, the judgment on the latter was alone to be considered by us, as we were without jurisdiction in regard to the original demand ; accordingly, we do not view the appeal in the present case as one legitimately before us, with regard to the judgment for one hundred and fifty dollars, for the plaintiff might have taken his execution thereon.

By the reconvention, the defendant Bartlette claimed the recission of a contract under which his acceptances for $300 had been obtained, and he has become liable for the costs of protest and notice, which raises the amount in dispute, to a sum, which entitles him to a resort to us for relief.

It appears that the first judge did not err, for the evidence is far from supporting Bartlette's allegations of the immorality of the contract. The contract is a written one, and there is nothing in it which has the least allusion to the object, which the defendant pretends it was intended for. He has endeavored to eke out his case by the introduction of a witness, whose evidence does not support it.

*Judgment affirmed.*