## Donovan v. Owen and Ihmsen.

The right of appeal exists from an order of the court granting leave to discontinue a suit.

The court has no power to revise the award rendered by amicable compounders. The party in whose favor the award is, has the right to claim for it the effect of a definitive judgment. C. P., 46.

From a judgment rejecting the award on the ground of informality, an appeal lies, because the judgment is final.

It is sufficient to annul the award of amicable compounders that no oath was taken by them. C. P. 448.

If a party pleads in reconvention, he can prosecute it notwithstanding plaintiff discontinues his suit.

C. C., 3072.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Durant & Hornor*, for plaintiff.

*Cohen*, and *G. B. Duncan*, for defendants and appellants:

If parties agree to leave a case to be decided to persons whose report shall be the judgment of the court, no formalities nor oath required ; *Talcott* v. *Mc-Ribben*, 2 Martin, R. 304. Though that case was decided under the old code, yet its provisions were the same as in the new code ; see old Code, page 442, Articles 12 and 13, which required oath from amicable compounders. Where referees are chosen by the parties without any rule of court, the court will not attend to any application to set aside the award ; 1st Johns. Rep., 315, 493 ; 9th Johns. Rep., 212. To the same effect see Caldwell on Arbitration, pp. 556, '7, 95, '6. The case in 15 L. R., 426, relates to experts, not to amicable compounders. The Judge may refuse his exequatur, if the award is contrary to public order or good morals.

Billemie " de l'arbitrage." 404, '5, 6. Action of nullity of judgment may be instituted by Donovan on the grounds set forth in Code of Practice, 604, 607, 613.

Award cannot be excepted to for want of precision in stating the fact on which it is grounded ; 10 L. R., 199.

No prescription nor intendment is allowed to overturn an award ; Kyd, 227 ; 3 Atkins, 374 ; 5 Atkins, 529.

Nothing but corruption or misconduct pleadable against the award ; 2 Johnson, R. 62 ; 3 Johnson, R. 367 ; 10 Johnson, 163 ; 3 Caine, 166 ; 9 Johnson R., 212 ; 2 Cowen, 425.

Misconduct means wrongful intention ; 10 Wendell, 589 ; 3 Paige, 1 4.

Whatever has been honestly done in relation to matters actually referred to the decision of amicable compounders, cannot be revised or altered by a court of justice. The award can only be attacked for fraud or usurpation of power on the part of auditors ; Code of Practice, 459, 460 ; C. C. 3077, 3096 ; *Cobb* v. *Parham*, 4 Annual, 148 ; citing 17 La., 285, and 7 La., 477. S. P. The opinion of the court, pronounced by Mr. Justice *Slidell* in *Bird* v. *Laycock*, 7 Ann., 173, '4 ; citing *Davis* v. *Leeds*, *Canty* v. *Beal*. Partidas, title 3, Lex. 23.

OGDEN, J. The defendants are appellants from a judgment of the lower court dismissing a rule taken by them, and rejecting the report of amicable compounders selected by the parties to decide the matter in dispute between them, and also from an order of the lower court granting leave to the plaintiff to discontinue his suit.

The Plaintiff took out an attachment in a suit against the defendants for services rendered to them as their agents in selling and delivering coals, and making disbursements and advances for them.

The only defence set up in the answer of the defendants was the plea of the general issue. The parties then entered into an agreement that one *W. T.*

*Richards* should be there one week from the date of that agreement, fix the amount due by either of them to the other, and that the decision thus made by *Richards* should be entered up at once by the judgment of the Court without appeal.

This agreement was entered into on the 1st of February, 1853, and on the 3d of February, 1853, it was modified by a further agreement to the effect that *D. W. Cerode* should act with *Richards*, with power in case of disagreement to name an umpire. In this second agreement it was expressly stated that *Richards* and *Cerode* were to be considered as amicable compounders. On the 5th February, 1853, the amicable compounders filed their report in which they state that after a careful examination of all the vouchers and accounts pertaining to the business between the parties, they find that *D. T. Donovan* is justly indebted to *Owen & Ihmsen* in the sum of twenty thousand one hundred and forty-eight dollars and fifty cents.

The defendants took a rule on the plaintiffs to show cause why the report should not be homologated, and judgment entered up against them in conformity with it. For answer the defendants set up several objections, and among others that the arbitrators were not sworn as required by articles 3078 of the Civil Code, and 448 of the Code of Practice. The Court below sustained the objections, and rejected the report of the plaintiff, and then, on leave granted, discontinued his suit.

It is contended by the appellee's counsel that the correctness of the judgment of the lower court in rejecting the report of the arbitrators, cannot be inquired into by us, and that the motion to dismiss the appeal on the ground that such a judgment is not a final one, ought to have been sustained. In passing upon the motion to dismiss the appeal, we only noticed the point as to the right of taking an appeal from an order granting leave to discontinue, and being of opinion that such right existed, it was unnecessary at that stage of the case to decide any other point. The case of *Roman* v. *Kernion & Forstall*, cited by the appellee's counsel, was different from this. That was a case of the report of auditors appointed to examine accounts. It was held that the order of court homologating the report was not such an order as could be appealed from. The case of an award rendered by amicable compounders, is altogether different. The court has no power to revise their award. If the proceedings have been regular, the party in whose favor the award has been rendered, has a right to claim for it the effect of a definitive judgment. C. P. 46. From a judgment rejecting the award on the ground of informalities, the party in whose favor it has been rendered has a right to prosecute an appeal, because the judgment is a final and definite one as to the right claimed by virtue of the award. If on this appeal it could have been shown that all the formalities required by law after the parties had entered into the submission, had been complied with, the defendants would have been entitled to a judgment in their favor for the award. Without noticing however all of the informalities complained of, it is sufficient to state that it appears no oath was taken by the arbitrators. This objection was sufficient to annul the award. L. C. 3078; C. P. 448; *Locke* v. *Dakin & Dakin*, 15 L. R., 426, and 9th An. By the agreement between the parties, the time for the submission was limited to one week, and if it had not been so limited, the power of the arbitrators could only have continued in force during three months. C. C., Art. 3072. The consequence therefore of the rejection of the award was that unless a new submission had been volun-

tarily entered into, the case was withdrawn entirely from arbitration. If this claim of the defendants, which was submitted to the amicable compounders, had been pleaded in the defendants' answer by way of reconvention, the defendants would have been allowed to prosecute it notwithstanding the plaintiff having discontinued his suit. As, however, no such demand was set up in the pleadings, the consequence necessarily followed, that the suit was at end when then plaintiff discontinued.

The judgment of the court below is therefore affirmed with costs.

---

*Durant & Hornor*, for a re-hearing.

The counsel for *D. T. Donovan*, plaintiff and appellee, asks for a re-hearing on so much of the judgment of this court rendered herein on yesterday, 7 May, as goes to decide that an appeal lies from a discontinuance.

The case of syndics of *Brunett* v. *Shaumburg*, 1 N. S., 698, may indeed be taken as a true exposition of the practice of the state before our present code of practice was introduced, and it says: "The order is a judgment which is final in the suit; for it puts an end to it as a judgment of non-suit." The law, however, has since been changed. The C. P., art. 491, says "the plaintiff may, in every stage of the suit, previous to judgment being rendered, discontinue the suit on paying the costs." This expression makes the act of discontinuance discretionary with the plaintiff, and the judge cannot refuse him; it is no longer as in 1 N. S., the same as a non-suit; "the plaintiff was at liberty" says the Court, in *Crocker* v. *Turnstall*, 6 Rob., 357, "to discontinue his action before judgment; but he could not claim as a right to be non-suited, and thereby control the final decision of the cause." Hence the discontinuance and the non-suit being no longer the same thing as in 1 N. S., that decision is no longer a guide; and indeed it conflicts with *Pettit* v. *Gillett*, 5 Martin, 20, and *Hunter* v. *Smith*, 5 N. S, 164; both of which we beg the court to refer to.

The C. P., makes a discontinuance the mere act of the plaintiff like the filing a petition. He may institute his claim; he may abandon it; in neither case is there a judgment, and it is from a judgment alone that an appeal lies. It is true that the court grants leave to discontinue, but the practice is founded rather on custom than on positive law, and the leave is a mandate and not a judgment. "The action of a court, on a motion to discontinue," says the Supreme Court in *Morgan* v. *Whitesides*, 11 L. R., 280, "cannot be viewed in the light of a judgment. It decides nothing between the parties, &c."

There is no definition of a judgment which will meet the case of a discontinuance, "and certainly a judgment is called, an order which the judge makes against one of the parties, by reason of the cause which is moved before him." Partida Tercera, Tit. 22, Leg. 1.

"A judgment (sentencia) in a decision or determination" see the definition of interlocutory and final judgments in Febrero. Vol. 4, Chap. 15, p. 220. Edition of Valencia, 1828.

"Judgment, c'est la décision d'une contestation donné par un juge, entre personnes qui ne sont pas d'accord." Merlin, verbo jugement, vol. 16, p. 158.

"Judgements are the sentence of the law, pronounced by the court upon the matter contained in the record. 3 Blackstone's Com. page 395.

Under the definitions of no system of law can the discontinuance of a cause, it will thus be seen, be deemed a judgment. Now, "an appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have the *judgment* of an inferior court corrected," C. P., art. 564, and that only is a judgment which decides something between the parties; but a discontinuance decides nothing between the parties; therefore a discontinuance is not a judgment and from it there is no appeal.

Re-hearing refused.