### J. SEMERE *v.* W. SEMERE, f. m. c.

It is well settled that an authentic act may be shown to be simulated by the answers of a party to interrogatories on facts and articles. Such answers are not regarded as the parol evidence prohibited by C. C. 2256, 2215.

But where the answers to interrogatories are received as written proof, in cases where written proof is required by law, parol evidence cannot be received to contradict them.

APPEAL from the District Court of St. Martin, *Voorhies,* J.

*E. Simon & A. Dublanc,* for plaintiff and appellant,   Cited : *Delacroix* v. *Prevost,* 6 M. R. 276; *Cox* v. *Michel,* 7 L. R. 523; *Badon* v. *Badon,* 4 L. R. 169; 3 Rob. 452; *Forest* v. *Shores,* 11 L. R. 418; *Hewlett* v. *Henderson,* 9 Rob. 379; *Succession of Thomas,* 12 Rob. 219; *Back* v. *Hall,* 3 L. R. 118; *Haydell* v. *Betts,* 6 Rob. 438; *Bauduc* v. *Conrey,* 10 Rob. 466; 4 An. 103.

*M. Voorhies,* for defendant,   Cited: C. C. 2233, 2235; C. P. 354; 3 Rob. 441; 7 An. 95.

MERRICK, C. J.   This suit has been instituted by *Julien Semeré,* as universal legatee of *Marie Martha Semeré,* to annul an authentic act of sale of a slave made by the testatrix to the defendant.   The plaintiff annexes to his petition the following interrogatories on facts and articles to be answered in open court, viz :

1st. Was the sale made to you of the slave *Joseph,* by Miss *Marie Martha Semeré,* on the 5th of May, 1849, a sale by which Miss *Semeré* intended to transfer to you any title to the said slave by said sale ?

2d. Have you paid the price which appears to have been received for the slave *Joseph ?* Have you paid any price, and was any money received from you by Miss *Marie Martha Semeré*, as a consideration of the sale of the 5th of May, 1849 ?

3d. Have you not several times, and in the presence of different persons, acknowledged that the sale of the 5th of May, 1849, was a simulated sale ?

4th. Was not the sale of the slave *Joseph* made for the sole object that the proceedings for his emancipation should be conducted in your name ?

5th. Was it not agreed between you and Miss *Marie Martha Semeré*, that in case the emancipation was not completed, that the sale of the 5th of May, 1849, should be annulled ?

The petition expressly negatives any fraudulent intent in the simulated act.

The defendant excepted to the plaintiff's petition on the ground that the act of sale, even if simulated, was good and valid as a donation, and " cannot be annulled by an universal legatee of said *Semeré*, who claims under a testament posterior to the act of sale sought to be annulled."

The Judge *a quo* being of the opinion that the plaintiff could not interrogate the defendant for the purpose of showing simulation in a notarial act of sale of a slave, rejected the plaintiff's demand.

In this we think he erred.   The jurisprudence of Louisiana is, we believe, well settled on this subject.

In the case of *McKerall* and others v. *McMillan* and others, 9 R. R. 19, it was held that the answers to interrogatories on facts and articles form a part of the pleading, so much so, that they do not require to be offered in evidence. They are not, therefore, that parol proof which defendant's counsel supposes is prohibited by Arts. 2233, 2235, 2256, and 2415, of the Civil Code.

Article 2895 of the Civil Code provides that " the amount of conventional interest must be fixed in writing, and testimonial proof of it is not admitted in any case."

Notwithstanding the strong terms used in this article it has been held by our predecessors that writing was not of the essence of an agreement to pay interest, and that the Legislature only intended to exclude testimonial proof of such an agreement.   *Cox* v. *Mitchell*, 7 L. R. 522.   6 Martin, R. 276.

In the case of *Hewett* v. *Henderson*, 9 R. R. 379, it was expressly held that the party whose conscience was sought to be probed as to the simulation of a notarial act, could not urge the want of a counter letter.   Article 355 of the Code of Practice provides in general terms that the party who sues for the recovery of a debt, or the execution of an obligation arising from a written act, may be interrogated on the reality or simulation of the act.   See also *Succession of Thomas*, 12 Rob. 215 ; *Forest* v. *Shore*, 11 L. R. 418.

It is true article No. 354 of the Code of Practice provides that the answers of the party interrogated may be contradicted by the oath of two witnesses, or one single witness corroborated by strong circumstantial evidence, or by written proof.

But it does not follow, (as it has been urged,) that a party would, by probing the conscience of his adversary, be enabled to introduce parol proof to contradict his answers in relation to a notarial act, or the oral sale of an immovable.

89

This Article of the Code of Practice must be construed with reference to the other provisions of law, and cannot be held to authorize the introduction of the testimony of witnesses, only where such a mode of proof is admitted.

But where the answers of the party supply the place of written proof, (in those cases where written proof is required by law,) no parol evidence can be received to contradict them.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that this cause be remanded to the lower court, to be proceeded in according to law, and the views herein expressed ; and it is further ordered that the defendant and appellee pay the costs of this appeal.