WIDOW VINCENT *v.* JOHN SCHWEITZER.

17　199<br>47　587

Where the suit was originally for more than three hundred dollars but a part was remitted so as to reduce it below that amount, this court cannot entertain jurisdiction. But where a re-conventional demand is set up for an amount over three hundred dollars, the court will hear the defendant's appeal on *that*.

APPEAL from the Second District Court of New Orleans, *Handlin*, J. *E. Filleul* for plaintiff.

*J. Magne for defendant.*—1. The amount in dispute is tested by the sum claimed in the petition. *McKee* v. *Ellis*, 2 An. 163; *Succession of Stafford*, 12 Rob. 178; *Gerber* v. *Marsoni*, 3 Rob. 370.

2. The plaintiff cannot give jurisdiction by fictitious claims, even when embodied in his petition. *Dabbs* v. *Stevens*, 3 Rob. 143; *Red River R. R. Co.* v. *Williams*, 16 La. 183; *Orillon* v. *Slack*, 17 La. 103, 104; and she cannot consequently take off said jurisdiction by fictitious reductions.

3. The claim of plaintiff and the contingent counter-claim of defendant are an entirety by the nature of the case, and cannot be separated; cannot be investigated separately without doing a manifest injustice to the defendant. *City of New Orleans* v. *The Estate of Arthur McArthur*, 12 An. 47. Besides, these two claims may be considered as consolidated. *Marshall & James* v. *Fall & Co.* 9 An. 92. See the declaration of Mrs. Dumoulin, p. 12.

ILSLEY, J. The demand of the plaintiff against the defendant was originally stated to be over three hundred dollars, but was afterwards admitted by the plaintiff, in the record, to be for a sum less than three hundred dollars. The amount in dispute is, consequently, too small to give this court jurisdiction of the present appeal, which is not, therefore, judicially before us. See State Constitution of 1864, tit. 5 Art. 70; Act of Leg. 1864, No. 11, p. 18.

There is, however, in the same record, a reconventional demand set up by *John Schweitzer* v. *Widow Vincent*, for the sum of four hundred and forty-five dollars, for rent. We can, therefore, entertain his appeal for *that*. See *Gove* v. *Kneatig*, 3 Rob. 387; *Hanna* v. *Bartlette*, 10 Rob. 438; *Exparte Goodwin*, 11 Rob. 12.

The case of *Marshall & James*, 9 An. 92, cited by plaintiff in reconvention, is not, we think, applicable to a case like this.

We have examined the demand of the plaintiff in reconvention and the evidence adduced on the trial of the case, and, we think, it fails to prove any indebtedness by the defendant for rent, for the period for which it is claimed. *Actori incumbit probatis.*

The plaintiff having failed to make out his case, the judgment of the lower court on the reconventional demand must be affirmed.

It is therefore ordered, adjudged and decreed, that the judgment of the court below on the reconventional demand be affirmed, the costs of appeal to be paid by the plaintiff in reconvention and appellant.