128 LOUISIANA REPORTS

(55 South. 335.)

No. 18,751.

HOOD v. WISE.

In re HOOD.

(May 8, 1911.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR (§ 51*)—JURISDICTION—"AMOUNT IN CONTROVERSY."

In determining appellate jurisdiction, the amount in controversy is the amount sued for, less that admitted to be due, a reconventional demand not being considered in view of Const. art. 95, providing that an appeal from a judgment rendered on a reconventional demand shall lie to the court having jurisdiction of the main demand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 237, 267; Dec. Dig. § 51.*

For other definitions, see Words and Phrases, vol. 1, pp. 376, 377; vol. 8, p. 7574.]

Certiorari to Court of Appeal, Parish of Bienville.

Action by B. W. Hood against G. B. Wise. On plaintiff's application for certiorari or writ of review to review a judgment of the Court of Appeal dismissing an appeal. Application denied.

J. E. Reynolds, for applicant. Wimberly, Reeves & Dorman, for respondent.

PROVOSTY, J. Plaintiff sued defendant on an open account for $200, with 5 per cent. interest thereon from June 3, 1908, less the following credits: May 4, 1908, $20.88; July 29, 1909, $20; February 8, 1910, $38.75. That is to say, plaintiff sued for $120.37. Defendant admitted owing plaintiff the $200, less the following credits: $20, $3.50, $12.75, $22.50, and $62.50, equal $121.25—leaving a balance due of $78.75. Defendant answered that he had at all times been willing to pay the balance due on said account and had tendered same to plaintiff. He then went on and alleged that plaintiff was indebted to him in the sum of $39.10. He prayed that plaintiff's suit be rejected, and that plaintiff be ordered to accept the amount tendered as the balance due, and that he have judgment against plaintiff in reconvention in the sum of $39.10. The district court allowed defendant the credits claimed by him, and gave plaintiff judgment in the sum of $45. Plaintiff appealed to the Court of Appeal, and, his appeal having been dismissed by that court for want of jurisdiction ratione materiæ, he has applied to this court for a mandamus to that court to entertain the appeal.

The answer of defendant admitted the debt claimed by plaintiff less the credits claimed. Deducting these credits from the amount claimed—that is to say, deducting $121.25 from $200—there was the admission of $78.75 as due. Deducting the amount thus admitted to be due from the $120.37 claimed by plaintiff, and there remained $41.62 as the amount in dispute between the parties on the main demand—not calculating interest.

If we add to the amount the $39.10 of reconventional demand, we have a total amount of $80.72 in controversy. But a reconventional demand is not to be taken into account in determining the amount involved in a suit, for purposes of appellate jurisdiction. Const. art. 95. The amount in dispute in a case, for purposes of appellate jurisdiction, is the amount sued for, less the amount admitted to be due. Borde v. Lazarus, 127 La. 122, 53 South. 464; Girandey v. City of N. O., 26 La. Ann. 291; Denegre v. Moran, 35 La. Ann. 346; Stubbs v. Maguire, 33 La. Ann. 1089; Zacherie v. Lyons, 22 La. Ann. 618.

The judgment of the Court of Appeal was therefore correct.

The application is therefore denied, at the cost of relator.