(68 South. 196)

No. 21280.

## THOMPSON v. McCAUSLAND.

(April 12, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ⟨⟩≈51—APPELLATE JU-
RISDICTION—JUDGMENT ON RECONVENTION-
AL DEMAND.

Where plaintiff sues in the district court for an amount below the appellate jurisdiction of the Court of Appeal, and defendant reconvenes for an amount within that jurisdiction, and plaintiff then discontinues, without prejudice to defendant's rights, and defendant obtains judgment on his reconventional demand, plaintiff may appeal from such judgment to the Court of Appeal. The contingency thus arising is not provided for by article 95 of the Constitution, the purpose of which is, not to cut off a right of appeal, but to bring before the same court main and reconventional demands which, by reason of the different amounts demanded, would otherwise be appealable to different courts. In the case stated the main demand has been eliminated; it no longer exists; there is but the one demand to be considered, the reconventional demand, the judgment upon which is appealable to the Court of Appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 237, 267; Dec. Dig. ⟨⟩≈ 51.]

Case Certified from Court of Appeal, First Circuit.

Action by J. W. Thompson against William McCausland. From judgment for defendant, plaintiff appealed, and the Court of Appeal applies for instructions as to right of appeal. Decided that Const. art. 95, did not cut off the right of appeal.

See, also, 136 La. 774, 67 South. 826.

T. Jones Cross, of Baton Rouge, for plaintiff. Charles A. Holcombe, of Baton Rouge, for defendant.

MONROE, C. J. The case stated by the learned judges of the Court of Appeal is as follows:

Plaintiff brought suit in the district court for $95. Defendant reconvened, claiming $1,-950. The case was tried and submitted; and thereupon plaintiff filed a motion in writing that his suit be dismissed without prejudice to the reconventional demand, which motion was denied; but, upon application to this court, the judge of the district court was directed to grant it. Judgment was then rendered in favor of defendant on the demand in reconvention; and plaintiff took an appeal therefrom to the Court of Appeal, which defendant moved to dismiss, on the ground that plaintiff's demand was for less than $100, and hence unappealable, and that article 95 of the Constitution provides that, in all cases where there is an appeal from a judgment rendered on a reconventional demand, the appeal shall lie to the court having jurisdiction of the main demand.

## Question.

"Does article 95 of the Constitution of 1913, relative to what appellate tribunal appeals from reconventional or incidental demands lie, cut off of the right of appeal where the main demand is not appealable by reason of the amount involved and the reconventional demand is appealable as to amount?"

## Answer.

The obvious purpose of article 95 was, not to cut off a right of appeal granted by other provisions of the Constitution, but to bring before the same court cases in which the judgment upon main and reconventional demands, respectively, by reason of the different amount involved, would otherwise be appealable to different courts. The contingencies that the main demand may be unappealable, or may be discontinued, are not expressly provided for; and in the case stated by the learned Court of Appeal the contingency first mentioned has not arisen, since, the main demand having been eliminated by discontinuance, there was nothing left before the district court save the demand in reconvention, the amount involved in which when the judgment was rendered, was within the appellate jurisdiction of the Court of Appeal; and it is well settled that the right to, and destination of, an appeal, where they depend upon the question of amount, are determined by the amount in dispute when the judgment is rendered, and that a plaintiff

may cut off such right, or change the destination of his appeal, by remittitur before judgment, or may put himself out of court by discontinuing his demand before judgment. He cannot, however, by such discontinuance, put himself out of court with respect to a reconventional demand that has been brought against him, but, by eliminating his own main demand, leaves the reconventional demand as presenting the only case before the court, and the question whether an appeal lies from the judgment therein rendered is to be determined as though it had always been the only case.

The precise question arising upon the case stated has not heretofore been decided by this court, but those incidentally involved therein and others bearing some analogy thereto have been passed on in the following cases, to wit: Applegate v. Morgan, 5 Mart. (N. S.) 642; Coxe v. Downs, 9 Rob. 133; Warfield v. Ludewig, 9 Rob. 240; Smalley v. Lawrence, 9 Rob. 213; Donnell v. Parrott, 10 La. Ann. 704; Le Blanc v. Pittman & Barrow, 16 La. Ann. 431; Vincent v. Schweitzer, 17 La. Ann. 199; State ex rel. Western Union Telegraph Co. v. Judge, 21 La. Ann. 728; Davis v. Young, 35 La. Ann. 740; Gayden v. Railroad Co., 39 La. Ann. 270, 1 South. 792; Meyers & Co. v. Birotte, 41 La. Ann. 745, 6 South. 607; State ex rel. Administrator v. Judge, 48 La. Ann. 455, 19 South. 256; Trenchard v. N. O. R. & L. Co., 123 La. 40, 48 South. 575; Hood v. Wise, 128 La. 731, 55 South. 335.

In Gove v. Kendig, 3 Rob. 388 (decided in 1843), it was said:

"It is clear that the plaintiff's demand is not within our jurisdiction, and that, so far as it stands alone and unconnected with the defendant's plea in reconvention, we cannot inquire into the legality of the judgment which condemns the defendant to pay the amount sued for. But the judgment appealed from rejects also the defendant's reconventional demand. which is in the nature of a new action, and amounts to more than $300. The right allowed to a defendant of reconvening by opposing to the plaintiff a new demand, which, though different from the main action, is * * * necessarily connected with and incidental to it, results from articles 374 and 375 of the Code of Practice. This right, which is to be exercised in the same suit, is considered by law as a new action, in which the defendant assumes the character of plaintiff. As such, he is to be heard; and, if his reconventional demand amounts to more than $300, it is clear that he and his opponent should be allowed the constitutional right of appealing from the judgment, which either rejects or maintains the reconvention."

Our answer, then, is that in the case stated by the Court of Appeal article 95 of the Constitution does not cut off the right of appeal.