## WRIGHT v. DISTRICT GRAND LODGE NO. 21, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA (WRIGHT et al., Interveners).

### No. 1210.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

F. B. Smith, of New Orleans, for appellant.

Bert E. Durrett, of Baton Rouge, and Chas. J. Mundy, of New Orleans, for interveners.

MOUTON, Judge.

An endowment certificate or policy was issued by the defendant Mutual Benefit Association to Ambrose Wright, one of its members, who died July 29, 1932.

Plaintiff, Mary Wright, alleging that she was a dependent of the deceased and that she had been named by him as his beneficiary under the policy, brought this suit claiming from defendant association $500, the amount of the policy.

Judgment was rendered in favor of plaintiff for the amount claimed, from which defendant appeals.

Plaintiff testifies that she was living next door to where Ambrose Wright was living, and at his request went to live in his house, kept his clothes clean, and cooked for him. Asked if the deceased had promised her anything for her services, she answered: "He told me he would provide for me; that he would take care of me."

Plaintiff was 27, Ambrose Wright 62, and sickly. There is nothing to show that he gave her any money, clothes, or food, looking to her support or maintenance.

To be eligible as a beneficiary on the plea of dependency, the party claiming must show that he was dependent in a material degree on the member of the association designating him or her as his beneficiary. 19 R. C. L. § 79.

The proof fails to show that plaintiff was dependent on deceased as required by law. The foregoing rule applies, though, in saying that Ambrose Wright promised to take care of her plaintiff meant to convey the idea that deceased would leave his benefit to her, in consideration of her services to him. 19 R. C. L. 79.

Plaintiff is not a relative by blood or otherwise to deceased, and, her claim being restricted to dependency under section 6 of Act No. 256 of 1912, page 565, she is not entitled to recover, as such, under the evidence for the reasons above stated.

There is another ground which precludes plaintiff from recovering and that is because it is clearly shown that she was living in concubinage with deceased at the time it is claimed the policy was issued to her, and although she was designated therein as the wife of Ambrose Wright.

This conclusion is based on the following rule, section 79, 19 R. C. L., which is stated as follows: "Considerations of public policy may also enter into the interpretation of the term 'dependent.' Thus it has been held that it does not include one who knowingly occupies the relation of mistress or concubine though named in the member's certificate as bearing the relation of wife and although he may have supported her and she depended on him for subsistence."

In this case plaintiff is designated as the wife of deceased in the policy, and, even if she depended on him for sustenance, as she was his concubine, he could not legally designate her as his beneficiary according to the doctrine above referred to.

Parties alleging that they were the heirs of Ambrose Wright intervened in this suit, claiming the amount of the policy. On a motion made by these alleged heirs, their suit was dismissed by the lower court, as in case of nonsuit.

Defendant association contends that they have not paid the cost of the intervention, and for that reason cannot discontinue their intervention, citing in support of that contention Donovan v. Owen, 10 La. Ann. 463; Donnell v. Parrott, 10 La. Ann. 703; State ex rel. Gondran v. Rost, 48 La. Ann. 455, 19 So. 256; Thompson v. McCausland, 137 La. 15, 68 So. 196.

In the cases cited reconventional demands were made, which accounts for the ruling upon which defendant relies. Be that as it may, defendant has no interest in this question of cost, as judgment will be rendered herein against plaintiff rejecting her demand.

The contention that plaintiff could not be legally designated as the beneficiary of the deceased because she was living in concubinage with him was brought into the case by the interveners and was not raised by defendant as against plaintiff. During the trial of the case, however, testimony was fully taken on the issue of concubinage without objection by plaintiff or defendant. Though the answer of defendant was silent on this subject, the introduction of testimony in reference thereto without objection and in which plaintiff participated had the effect of enlarging the pleadings and brings up the question of concubinage as a legitimate issue for determination on this appeal, though interveners be not parties to this appeal, their suit having been dismissed by the trial court.

We therefore hold, for the reasons hereinabove stated, that plaintiff has no right to recover on the policy because she failed to prove that she was a dependent of Ambrose Wright, and for the further reason that she was living in concubinage with him when she was named as his beneficiary, prior thereto, and at the time of his death.

It is therefore ordered, adjudged, and decreed that the judgment rendered in favor of plaintiff and appealed from be and is hereby avoided, annulled, and reversed, and that the demand of plaintiff be rejected.