EASTERN DIST.
*April*, 1835.

HART
*vs.*
LODWICK.

## HART *vs.* LODWICK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A judgment in admiralty, obtained by privilege creditors against a steam-boat, in which three-fourths of the owners are parties, is not conclusive against the interest of the other fourth owner, which is attached in the state court, at the suit of a creditor of such owner. The claimants must make other proof of their claims before they can proceed against it.

Where the plaintiff's demand exceeds three hundred dollars, his appeal lies against all the appellees who had judgment in their favor, even those whose demands are under three hundred dollars.

This is an action to recover the sum of two thousand four hundred and twenty-five dollars, with interest at six per cent. per annum, according to the laws of Pennsylvania, the balance due on three promissory notes, for one thousand dollars each, drawn by Kennedy Lodwick, the defendant, and one Haggarty. The plaintiff resides in Pittsburgh, and the defendant in Cincinnati. The notes were payable at the United States Bank, in Pittsburgh, and protested for non-payment. Lodwick being one-fourth owner of the steam-boat Carroll, on her arrival at New-Orleans, his interest therein was attached at the suit of the plaintiff.

The evidence shows that this boat was libelled in the District Court of the United States, by privileged creditors, and sold. Hart consented to the sale, on condition that one-fourth of the proceeds should be paid over to the sheriff, and held subject to his attachment suit. The three-fourths of the proceeds being insufficient to pay the privileged creditors under the libel, a rule was taken on Hart, by Martin, Coffin & Co., one of said creditors, claiming a balance of two hundred and eighty-two dollars, and by R. C. Stockton, for four hundred dollars, to show cause why the deficiency should not be paid out of the remaining

fourth which had been attached.  The rule was taken under *Code of Practice, article 395, et seq.*

EASTERN DIST.
*April,* 1835.

HART
*vs.*
LODWICK.

It was resisted on the ground that Hart was no party to the libel suit, and is not bound by the judgment rendered thereon, which can only operate on three-fourths of the boat, the other fourth being attached in this suit.

The district judge decided that the judgment of the District Court of the United States, although provoked against three-fourths of the owners, was *in rem. ;* and, consequently, against the entire boat.  Judgment was rendered in favor of the intervenors, for the amount of their privileged claims, respectively, from which the plaintiff appealed.

*J. Seghers & Schmidt,* for plaintiff.

1. The judgment in the admiralty court was *res inter alios acta,* as regards the plaintiff.  His consent to the sale was given with the express reservation, that his consent should not, in any manner, prejudice his rights in the state court.

2. The sheriff attached before the marshal seized, and it is the right of the tribunal to maintain its jurisdiction, which first obtains possession of the thing.  1 *Paine,* 620.

3. But, by the agreement of the parties, things are in the same situation as if the sheriff had sold the whole, and paid three-fourths of the proceeds of the boat into the marshal's hands.

4. On a motion to show cause, the intervening party in the rule must come prepared to prove his claim, as on the part of the defendant, therein every thing is impliedly denied.

5. The intervening parties cannot claim a mortgage, as none attaches to this description of property.

*Roselius & Stockton,* for the intervenors and appellees.

1. The privilege of the claimants attached to the whole of the boat, so that an ordinary creditor cannot obtain priority by attachment, or other similar proceeding, to their injury.

2. The appeal, as to Martin, Coffin & Co., must be dismissed ; the sum claimed by them being under three

hundred dollars. The fact of coupling this firm with Stockton, in the same rule, cannot better the case.

3. It is no objection to the validity or force of the judgment in admiralty, that Hart, the plaintiff, was no party. Hart can only claim in right of Lodwick. He had notice of the admiralty proceedings, as appears by his agreement with the libellants, to sell the boat and divide the proceeds. It is also a general rule that a decree in admiralty is binding on the whole world.

*Martin, J.,* delivered the opinion of the court.

The plaintiff, in this case, having a claim of two thousand four hundred and twenty-five dollars against the defendant, attached his interest in the steam-boat Carroll, of which he was one-fourth owner. This proceeding opposed an obstacle to the execution of admiralty process sued out of the District Court of the United States, against the steam-boat in question, at the instance of several claimants for wages, work done, &c. The plaintiff consented that the obstacle should be removed by a sale of the boat, on condition that one-fourth of the proceeds should be retained by the sheriff, and represent his claim in the present suit, against the defendant's interest therein, and that the marshal should hold the surplus, subject to the suit of the claimants. This was accordingly done.

The claimants afterwards proceeded to judgment, on their respective claims, in the court of admiralty. The portion of the proceeds of the sale of the boat, received by the marshal, proved insufficient to satisfy all these claims. Martin, Coffin & Co. and R. C. Stockton, intervened in this suit, and obtained a rule to show cause why they should not be paid the balance of their claims remaining unsatisfied, out of the proceeds of the sale of the boat, reserved for that purpose in the hands of the sheriff; this balance to be paid out of the one-fourth part of the boat attached as the defendant's property. The intervenors contended that, as the whole of the boat was seized, subject to the privilege resulting from their claim, they were entitled to exercise this privilege on the

money in the sheriff's hands. From the decision of the District Court, which made the rule absolute, the plaintiff has appealed to this court.

The plaintiff, in this suit, opposes the rule on the ground that, as the judgment of the court of admiralty is against the boat only *in rem.*, and not against her owners or any of them *in personas* or *in personam*, it is, as to the latter, and consequently as to the present plaintiff or his debtor the defendant, whose interest in the boat was attached, *res inter alios acta* and without effect. This judgment, he contends, affords no evidence of the fairness or the amount of the claims of the intervening parties, against the money in the hands of the sheriff or the plaintiff. The district judge considered the judgment which Martin, Coffin & Co. and Stockton, had obtained in the court of admiralty, as a judgment against the owners of three-fourths of the boat, *in rem* and *in personas*, and consequently *in personam*, against the owner of the other fourth.

In this respect, we are of opinion the judge of the District Court erred.

The whole case has been considered, notwithstanding the prayer of one of the intervening parties and appellees to have the appeal dismissed as to him, on the ground the sum demanded by him is less than three hundred dollars; and that his was a distinct demand from that of the other intervening party, and therefore the matter in dispute between him and the plaintiff is for a sum which is insufficient to give jurisdiction, and precludes the interference of this court.

We are of opinion, that the amount claimed by the plaintiff at the institution of the suit, imparts to it, its character in relation to its susceptibility of being the object of an appeal; that is, so far as regards the plaintiff, all the incidents in the suit are subject to an appeal. If it were otherwise, he might be deprived of his right of appeal in a case in which the constitution entitled him to one, by the matter in dispute being frittered down into small parcels, by the acts of the defendants or opponents in the suit.

EASTERN DIST.
*April*, 1835.

HART
*vs.*
LODWICK.

A judgment in admiralty, obtained by privilege creditors against a steamboat, in which three-fourths of the owners are parties, is not conclusive against the interest of the other fourth owner, which is attached in the state court, at the suit of a creditor of such owner. The claimants must make other proof of their claims, before they can proceed against it.

Where the plaintiff's demand exceeds three hundred dollars, his appeal lies against all the appellees who had judgment in their favor, even those whose demands are under three hundred dollars.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and the rule enlarged and continued with directions to the court *a qua* to proceed thereon according to law, and to require from the intervening parties respectively, other proof of their claims than the judgments in their favor and against the boat in admiralty ; the appellees paying the costs of the appeal.