## Succession of John N. Field—Thomas Maskell, Administrator, Appellant.

The right of a mortgage creditor is on the thing itself, and may be exercised into whatever hands it may pass.

A sale by the administrator of a succession of property held by the deceased, subject to a mortgage, gives the mortgagee no claim against the succession. His rights cannot be affected by such a sale ; and he must pursue the property in the hands of the subsequent third possessor.

Where the creditors of a succession are litigating their rights contradictorily with each other, and the value of the succession exceeds three hundred dollars, an appeal will lie to the Supreme Court, though the claim of each creditor may not amount to that sum.

APPEAL from the Court of Probates of St. Mary, *Palfrey*, J.
*Gibbon*, for the appellant.
*Dwight*, for the appellee.

SIMON, J. This is an appeal from a judgment sustaining the opposition of Ethan Allen as administrator of the estate of Thomas Bell, to the tableau of distribution filed by Thomas Maskell, as administrator of the estate of one John N. Field. The opposition is founded on a judgment obtained by Thomas Bell, deceased, against one Nerson, for $160, with interest and costs, on the 23d day of June, 1831, and recorded on the 6th of July following, which had the effect of a judicial mortgage on all the property of the debtor. Several years afterwards, an execution having been issued against Nerson by other creditors, it was levied on a negro man named Bell, who was sold by the sheriff, and John N. Field having become the purchaser thereof at said sheriff's sale, acquired the property subject to several anterior judicial mortgages,

the first of which appears to be the mortgage which is the subject of the opposition. John N. Field stood, therefore, towards Bell, in the capacity of a third possessor of property mortgaged to secure his claim, and was liable to be acted against as such, Bell's mortgage being a general and not a special one. Code of Pract. arts. 709, 710, 713 and 715.

The opponent contends that he is entitled to be placed on the tableau of distribution of Field's estate, for the amount of his judgment, with a privilege on the proceeds of the sale of the slave Bell, who was sold by the succession. This was allowed by the inferior court, which sustained the opposition, and the administrator of Field's estate has appealed.

From the view we have taken of the plea to our jurisdiction, filed by the appellee's counsel, we should abstain from expressing any opinion on the merits of the opposition; but it becomes necessary for us, however, in order to establish the rule by which our jurisdiction is to be tested, to examine into the quality in which the opponent stands towards the estate of John N. Field. This will, perhaps, present the anomaly of our showing the error committed by the inferior court, without being able to afford the appellant any remedy to correct it in this court.

It is clear that the appellee is not properly a creditor of Field's estate. The deceased was a mere third possessor, who, whilst in possession of the property, was subject to the hypothecary action of the creditor, in the same manner, and under the same rules and restrictions, as a third possessor of mortgaged property. Code of Pract. art. 709. The rights of a mortgage creditor rest on the thing itself, and are to be exercised into whatever hands it may pass, and cannot be affected by the sale thereof, made either by the deceased himself or by his estate. *Offutt et al. v. Hendley et al.* 9 La. 14. Considered in this light, the administrator of Bell's estate has nothing to claim against Field's estate, and can only pursue the property in the hands of a subsequent third possessor. If this be correct, the claim set up by the appellee is not only distinct from those of Field's creditors, but is utterly foreign to the affairs of his succession. It makes no part of the *concurso*, and the appellee cannot be said to be one of the creditors of the deceased, litigating his rights contradictorily with the others, in which

last case we have uniformly maintained our jurisdiction, although the rights or claims of each of the creditors might be under $300, provided the amount or value of the succession was above that sum. Code of Pract. art. 1049, 1050.

Under this view of the question, we think we are without jurisdiction in this case, and that the exception filed by the appellee must prevail.

*Appeal dismissed.*