<hr/>

ASA D. GOVE *v.* BENJAMIN KENDIG.

An appeal will lie from a judgment on a demand in reconvention, where the sum claimed in reconvention is sufficient to give jurisdiction to the appellate court, though the original demand be under three hundred dollars ; but the judgment on the latter cannot be examine into. The demand in reconvention is in the nature of a new action.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Hiestand*, for the plaintiff. No counsel appeared for the appellant.

SIMON, J. This suit was instituted on a note of $190 64. The defendant admitted his signature, but averred that the note sued on was given through mistake and error in fact ; that there has been an entire want of consideration, as the note was given for the rent of a store, which, for the time for which the note was given, was untenantable, and of no use or value to him. He further pleaded, that the premises, while in the delapidated and unfinished state in which they were during the time that the rent became due, were an absolute damage to him of more than the amount of the note sued on, and that he has sustained damage to the amount of three hundred and fifty dollars, which he sets up as a reconventional demand against the plaintiff's claim, praying judgment for the amount against the plaintiff.

Judgment was rendered below against the defendant for the amount of the note sued on, from which judgment he has appealed.

A motion has been made by the plaintiff's counsel, to dismiss

Gove v. Kendig.

this appeal, on the ground that this court has no jurisdiction, plaintiff's claim being for less than three hundred dollars.

It is clear that the plaintiff's demand is not within our jurisdiction; and that, so far as it stands alone and unconnected with the defendant's plea in reconvention, we cannot inquire into the legality of the judgment which condemns the defendant to pay the amount sued for. But the judgment appealed from rejects also the defendant's reconventional demand, which is in the nature of a new action, and amounts to more than three hundred dollars. The right, allowed to a defendant, of reconvening, by opposing to the plaintiff a new demand, which, though different from the main action, is nevertheless necessarily connected with and incidental to it, results from arts. 374 375, of the Code of Practice. This right, which is to be exercised in the same suit, is considered by law as a new action, in which the defendant assumes the character of plaintiff. As such, he is to be heard; and if his reconventional demand amounts to more than three hundred dollars, it is clear that he, and his opponent, should be allowed the constitutional right of appealing from the judgment, which either rejects or maintains the reconvention. We think, therefore, that with regard to the defendant's plea in reconvention, the present case is within our appellate jurisdiction.

On the merits of the reconvention, it does not appear to us that any error has been committed. The evidence which has been adduced to sustain it, is so vague and so unsatisfactory, that we are at a loss to conceive how the appellant could entertain any hope of obtaining relief at our hands. His reconventional plea is clearly unfounded; and were it not that the plaintiff's original claim is under three hundred dollars, and consequently out of our jurisdiction, we should feel no hesitation in mulcting the defendant in the maximum of damages, prayed for by the appellee as for a frivolous appeal.

*Judgment affirmed.*