## No. 7010.

PICARD & WEIL VS. J. J. WADE.  S. B. NEWMAN & CO., THIRD OPPONENTS.

Where in a contest between a seizing judgment creditor and a third opponent for the proceeds of the seized property, amounting to more than a thousand dollars, the latter claims the whole proceeds, and the former only four hundred and seventy-three dollars of it, no appeal will lie to this court; because the amount really in dispute is only $473.

When the original claim of a judgment creditor when first sued on in a district court is over $500, the mere fact that subsequent payments made by the defendant have so reduced the amount of the judgment that it can not be appealed from, can not have a retroactive effect so as to divest the district court of jurisdiction of the suit, or impair its right to issue executions as long as any part of the judgment remained unsatisfied.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana.  *Yoist, J.*

*Wickliffe & Fisher* for opponents and appellants.

*W. W. Leake* for plaintiffs and appellees.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MARR, J.   Picard & Weil recovered judgment against Wade, in March, 1876, for $735 30, with interest and costs; and in September, 1877, execution issued on this judgment, on which credits were indorsed amounting to $453 54.

Under this writ the sheriff seized certain property, the interest of Wade in two plantations, which he advertised for sale on the third of November, 1877.

On the second of November, S. B. Newman & Co. filed a third opposition claiming the right to be paid by preference out of the proceeds of the sale about to be made, in virtue of a judgment recorded and operating as a judicial mortgage, anterior in date to the judgment in favor of Picard & Weil: and they prayed that their debt be paid and satisfied in preference to Picard & Weil, and all others.

Newman & Co. purchased the property for $1025.   The case was tried on their opposition; and judgment rendered in favor of Picard & Weil, and dismissing the opposition.   From this judgment Newman & Co. took a devolutive appeal; and the sheriff collected of them the amount of their bid, of which $473 28 were applied to and satisfied the writ in favor of Picard & Weil; and the balance $551 72, was credited on the judgment of Newman & Co.

Picard & Weil move to dismiss the appeal, on the grounds:

1.   That this court is without jurisdiction, because the amount in controversy is less than $500.

2.   That appellants have acquiesced in the judgment by executing it voluntarily.

FIRST. It is well settled that it is the amount of the plaintiff's demand that gives jurisdiction. The original demand of Picard & Weil was above $500, exclusive of interest; but at the time the third opposition was filed the amount had been reduced, so that it was, exclusive of costs, about $420.

There was no question as to the right of Newman & Co., except with respect to the seizing creditors, Picard & Weil; and the amount in controversy was the balance due them, which at the time it was paid, January 2, 1878, was $473 28, including costs. This was really the whole amount in dispute,

Counsel for appellants say that the amount in controversy is the price of the adjudication to Newman & Co., $1025, because they claim the entire proceeds, which would not suffice to pay their judgment. But, as we have seen, no other person pretended to any right to be paid out of this fund except Picard & Weil; and they only claimed the balance due them, which, with costs, was less than $500: and the $1025 paid by Newman & Co. to the sheriff, were first applied to the debt of Picard & Weil, which was paid in full, and their writ was returned satisfied; and the balance of $551 72 was paid by the sheriff to the attorneys of Newman & Co. on account of their judgment.

It is also urged that if this court is without jurisdiction because the amount in controversy is less than $500, the district court was without jurisdiction, for the same reason; and the whole proceeding is void. But this is not necessarily true. The district court had jurisdiction of the demand of Picard & Weil originally; and it belonged to that court alone to enforce the judgment which it had rendered. R. C. P. 617, 629. As long as any part of that judgment remained unsatisfied, the plaintiffs had a right to cause execution to issue; and the credits to which defendant was entitled on the writ in no manner impaired the jurisdiction to enforce, by execution, the payment of the balance. The district court necessarily had jurisdiction of opposition by which the right of plaintiffs to enforce payment of the balance was attacked, without regard to the amount of that balance. The controversy was touching that balance alone; and, while the jurisdiction of the district court was wholly independent of the amount thus brought into controversy, the jurisdiction of this court would depend upon that amount alone, not on the amount of the original demand, more than half of which had been paid, and was not in dispute. The right of Newman & Co. to the proceeds was not in controversy except to the extent of the balance due the seizing creditors, and this is conclusively shown by the fact that, although the judgment on the opposition rejected their demand, more than half the proceeds were paid to them on account of that demand, and pending this appeal.

The counsel for appellants cite numerous decisions to show that this court has jurisdiction. They establish, what is not to be questioned, that an appeal will lie from a payment on an intervention or third opposition claiming less than the appealable amount, when the demand of plaintiff is for an appealable amount. See 8 La. 167; 11 L. 462; 2 An. 189; 16 An. 430; 21 An. 366; 22 An. 292, 331; 24 An. 442.

No case has been cited, and we know of none establishing the proposition that the amount claimed by intervenor or third opponent, gives jurisdiction, where the amount demanded by plaintiff is not appealable.

Authorities are cited to show that the proceeding in this case is in the nature of a *concursus;* and that the sum to be distributed gives jurisdiction. The case cited from 3 Rob. 5, Succession of Field, is not applicable; and the appeal was dismissed on the ground that the person opposing the account of the administrator had no right to come into the *concursus,* and his demand was below the appealable amount. In Colt vs. O'Callaghan, 2 An. 189, the court decided that an intervenor might appeal, although he claimed less than the appealable amount, where the demand of the plaintiff was appealable. In Smith vs. Charles, 27 An. 503, the sheriff had sold under execution the interest of defendant in his father's succession. A number of creditors had recorded judgments which operated as judicial mortgages; and the sheriff would not pay the seizing creditor. Thereupon the seizing creditor took a rule on the sheriff: and he called in the other judgment creditors. This proceeding the court said was in the nature of a *concursus,* as it actually was. In Succession of Cloney, 29 An. 327, it was decided that the amount of the fund to be distributed by an executor or administrator determines the right of appeal.

We understand there can be no *concursus* except where there is a fund in the hands of an officer, syndic, executor, receiver, etc., which is claimed by different persons, and the officer calls them in by filing an account or otherwise to litigate their claims, and to have their respective rights and priorities established contradictorily. There was no such thing in this case. The opposition was filed before the sale; and the purchasers being first-mortgage creditors in rank, retained the amount of their bid until after the judgment on their opposition had become final; and the opponents had taken merely a devolutive appeal. The judgment being exigible, they paid the amount into the hands of the sheriff, who immediately paid and satisfied plaintiffs' writ, and gave the balance to opponents on account of their unquestioned claim.

In Gore vs. Kendig, 3 Rob. 387; Hanna vs. Bartlette, 10 Rob. 438; Goodwin vs. Glendower, 11 R. 12; and Pesant vs. Heartt, 22 An. 292, it was decided that where the amount demanded by plaintiff was not appealable, but the demand set up by defendant in reconvention was appeal-

40

able, an appeal would lie from the judgment on the reconventional demand, but that the judgment on plaintiffs' demand could not be reviewed, and nothing could be inquired into but the judgment on the reconventional demand. The right to appeal in these cases was put upon the ground that the reconventional demand is in the nature of a new action. See 3 Rob. 388.

There is no analogy between the reconventional demand, in which the defendant asserts a right to recover of plaintiff, as a means of defense to the suit brought by plaintiff against him, and a third opposition which sets up no claim or right to recover of plaintiff, but merely asserts a right to be paid in preference to him, out of the proceeds of a sale about to be made at his instance.

On the reconventional demand the amount in controversy is the amount claimed in reconvention; and if that amount be appealable, the judgment on that demand may be reviewed on appeal, although the demand of plaintiff is not sufficient to give appellate jurisdiction. On the third opposition the amount in controversy is the amount of plaintiff's demand, which the third opponent asserts must be postponed to his claim and demand, which is not questioned either as to amount or as to priority, except by plaintiffs to the extent of the amount due them under their writ.

It is not necessary to consider the other ground; but it is manifest, as third opponents, since this appeal was taken, have received the entire amount of the proceeds of the sale, except the amount due plaintiffs and the costs, that the controversy is limited now, as it was at the time the opposition was filed, and at the time the appeal was taken, to the balance due plaintiffs and costs; and that this amount, $473 28, when paid, is not sufficient to give this court jurisdiction.

The appeal, therefore, taken by third opponents, in this case, is dismissed.