| 33 | 655 |
|----|-----|
| 47 | 587 |
| 33 | 655 |
| 50 | 57 |
| 33 | 655 |
| 52 | 804 |

### No. 8220.

### JOHN A. STEVENSON VS. E. L. WHITNEY, TAX COLLECTOR, ET AL.

A Defendant, sued out of the Parish of his domicil, may legally appear and stand in judgment. Decisions in 31 An. 88 ; 30 An. 595, and 29 An. 194, affirmed.

In an action of nullity of judgment on the ground that Defendant was sued out of his domicil, the record showing that the judgment was not rendered on default, and there being no evidence before this Court to establish that Defendant did not cure by appearance and plea the illegality of citation, the presumption of *omnia rite acta* must prevail and the judgment must stand.

The reconventional demand being for less than $1000, this Court has no jurisdiction to revise the judgment rendered thereon.

APPEAL from the Ninth Judicial District Court, parish of Tensas. *Hough*, J.

*L. V. Reeves* and *W. G. Wyly* for Plaintiff and Appellant :

First—Errors of law need not be pleaded, they may be presented by an assignment of errors suggested in the brief of counsel, or they may be noticed *ex officio* by the Court. 5 N. S. 341 ; 2 A. 335 ; 4 A. 129, 254.

Stevenson vs. Whitney, Tax Collector, et al.

Second—A judgment should be given by reason of the law as well as by reason of the evidence; it should never be rendered contrary to or against the law, and what the law is need not be pleaded.

Third—A claim for taxes is not a debt—it is not suable, unless made so by statute; it is a contribution by the citizen to support the government that gives him protection, the mode and manner of levying and enforcing the collection thereof rests alone with the State, and its exercise is one of the highest powers of sovereignty. 7 A. 194; 18 How. 272; 13 A. 90.

Fourth—The Revenue Laws of the State (Act 96 of Acts of 1877; Acts 77 and 107 of the Acts of 1880) confer no power on the courts to entertain suits for collection of taxes in the country parishes; on the contrary, they seem to confide that duty solely to the Executive Department of the government; and by the terms of article 210 of the Constitution tax collectors are forbidden to sue.

Fifth—The levying of taxes, and providing the mode of collecting them, belong exclusively to the political department, and the enforcement of the revenue laws belongs to the Executive Department, the tax collectors and all revenue officers being employees of that department. "The functions of the departments of government are kept distinct, and the Executive cannot divest judicial process. But the assessment of taxable property, and the collection of taxes, are legal proceedings or process, but not judicial proceedings or process." (See Union Towboat Company vs. Bordelon, 7 A. 194, 377; 8 A. 472; 18 How. 272; 13 A. 90; Act 96 of Acts 1877; Acts 77 and 107 of Acts 1880; Article 210 Constitution of 1879.)

Sixth—The collection of taxes not being a judicial function, except only so far as made such by special statutes, the courts "cannot usurp any greater control over this business than is imposed on them by law. In the absence of statutory authorization they are without jurisdiction of the matter *ratione materiæ*." (See 13 A. 90, a case in principle directly in point).

Seventh—"The consent of parties cannot give jurisdiction, and all courts before whom such an unauthorized controversy is brought, must decline *ex officio* any order which would recognize a right to sustain the case. It matters not, therefore, that no exception has been filed, * *; there being no express law authorizing him to contest." etc. (See 13 A. 90, the language of which we quote, because that case, though different, depended upon the same principle that this does, to wit: to what extent can the courts act in a statutable remedy, not a common law remedy.)

Eighth—The suability of a claim for taxes is a question of law, not of fact; therefore it need not be alleged, nor set out in an assignment of errors. It will be noticed *ex officio* by the Court. This principle was recognized by this Court in State vs. Bank of Louisiana, 5 N. S. 340, 351. See, also, 5 M. 623; 2 A. 488, 492.

Ninth—Immovable property cannot be legally sold for taxes by the sheriff under a *fi. fa.;* he can only sell it as *ex officio* tax collector by giving the notice and making the publication in the form prescribed by section 37 of Act 77 of 1880.

Tenth—The constitutional ordinance for "Relief to Delinquent Taxpayers" remitted all interest, penalties and costs till 1st January, 1881; consequently the sheriff was properly enjoined by us from selling our property on 5th January, 1880; under the *fi. fa.* which allowed interest on the taxes from 1st January, 1877. Nor could he sell without the right of redemption as was attempted, in contravention of article 210 of the Constitution.

Eleventh—It was not necessary to plead legal objections—errors apparent on the record. 5 N. S. 340, 341.

Twelfth—An injunction, though not maintainable on the allegations of the petition, will not be dissolved, where it is manifest a new writ should issue, if the one sued out be dissolved. 2 A. 488, 492.

Thirteenth—This Court should not be controlled by conjectures and presumptions in determining a grave question of jurisdiction for want of a legal citation. It should not relax the rule for years imbedded in our jurisprudence that in reference to the adequacy of cita-

tion nothing is left to presumption. No one is presumed to have waived his legal rights in this regard.

Fourteenth—Whether there was a waiver of citation or not by appearance and plea, is a question of fact not raised in the answer and upon it the parties did not go to trial below. Therefore, justice would require that the case be remanded upon this point, if our other legal objections are not good.

### *H. R. Steele* and *E. H. Farrar* for Defendants and Appellees:

First—Want of jurisdiction *ratione personæ* is not a matter of public order. It can therefore be waived. C. P. Arts. 93, 333, 335; Dupuy vs. Greffin, 1 N. S. 201; Fleming vs. Hiligsberg, 11 R. 77; Flower vs. Hagan, 2 L. 226; Joccoton Exception de Procédure, pp. 11 to 59; D. lib. v. t. 1, l. 1, 2 and 5; C. lib. III, to 13, l. 4.

Second—There is no conflict between Art. 162, C.P., as amended by the Act of 1861, and Arts. 93, 333 and 335; and that amended article is prohibitory only in so far as to invalidate agreements made as to the election of domicile for the purpose of being sued. Jex vs. Keary, 18 A. p. 89; Marqueze vs. LeBlanc, 29 A. 194; School Board vs. Weber, 30 A. 595; Phipps vs. Snodgrass, 31 A. 88.

Third—The jurisprudence to the contrary, established by the Ludeling Bench, and quoted in plaintiff's brief, never had any foundation in law or in reason.

Fourth—Art. 376, C. P., was repealed by the Act of March 20th, 1879, which is reproduced in the Revised Code of 1870 as a *proviso* to Art. 375. Its reappearance in the Code of 1870 is due to the carelessness or stupidity of its compiler.

Fifth—The ordinance for the relief of delinquent taxpayers, passed by the late constitutional convention, has never had any force or validity whatever, for the reason that it was not submitted to the people for their ratification or rejection, and, that the convention had no power of legislation, and, indeed, no powers whatever except those defined in the legislative act, under whose authority it was convoked. Jameson on Constitutional Conventions, §§ 415-418, and 479, 520; Cooley on Constitutional Limitations, 4th Ed. p. 41.

Sixth—Conceding its validity, there is nothing in that ordinance which annuls any judgment obtained by the State for taxes, or which suspends the execution on the principle of such a judgment.

Seventh—Execution of such a judgment between January 1st, 1880, and January 1st, 1881, could have been suspended by injunction only as to the interest, costs and charges therein decreed, and the injunction, even if granted, would have to be coupled with the *proviso* that it should fall and cease to be operative on January 1st, 1881, unless prior to that date the principal of the judgment was paid.

---

The opinion of the Court was delivered by

FENNER, J. This is an action for nullity of a judgment, coupled with a demand for an injunction to restrain its execution.

We quote from the petition the sole ground of nullity alleged, viz: "That under and by virtue of the provisions of the constitution of 1868 and of the articles 162 and 163 of the Code of Practice, the said judgment, as rendered, is an absolute nullity for the reason that said judgment was not rendered by a judge having jurisdiction over the place where your petitioner has his domicil and place of residence."

Plaintiff lived in the parish of Iberville. The suit, in which the judgment attacked was rendered, was brought in the parish of Tensas.

42

Citation was sent to the parish of Iberville and domiciliary service was there made on plaintiff. Upon the sufficiency of this citation we are not called on to pass, because, from the evidence presented in this record, we are not able to say what further proceedings took place in the suit and whether any deficiency of citation may not have been cured by appearance and plea. The records of the suit is not offered in evidence. The note of evidence shows that plaintiff in injunction offered in evidence only the petitions, citations and returns thereon, judgment and writ of *fi. fa.*, etc. Nothing indicates that these constitute the entire record. A reference to the judgment so offered shows that it was not rendered on default. The judgment reads: " This case having been called and tried, and after hearing the pleadings and evidence, and the law and evidence being in favor of the plaintiff, it is, by reason thereof, ordered, adjudged, etc."

Without a violation of all rules of proceeding, such a judgment could not have been entered in absence of appearance and plea, and the presumption *omnia rite acta*, compels us to assume that such existed. Under these circumstances the ground of nullity set up by plaintiff cannot be sustained. Want of jurisdiction *ratione personæ*, resulting from citation before a judge other than that of defendant's domicil, is waived by appearance and plea other than by exception declining the jurisdiction, and, when so waived, does not affect the validity of the judgment. C. P. 93. The contrary jurisprudence established for a time by the Court presided over by Chief Justice Ludeling, was not, in our opinion, well founded, and has been reversed by our immediate predecessors in several decisions.

Phipps vs. Snodgrass, 31 An. 88; also 29 An. 194; 30 An. 595.

The reasoning of the Court in the case of Phipps vs. Snodgrass is unanswerable, and we fully approve the rectification, there made, of our jurisprudence. This disposes of the action of nullity and of the injunction founded thereon.

The other objections to the proceedings urged in brief of counsel cannot, as a matter of course, be considered in the action of nullity, not having been pleaded. Indeed, we infer they are urged solely in opposition to the reconventional demand of the defendant. This, however, is for less than one thousand dollars, and we have no jurisdiction to revise the judgment rendered thereon.

Dean vs. Clark, 5 An. 105.

Tardos vs. Toulon, 14 An. 429.

The converse rule that, where the principal demand is unappealable and the reconventional demand is appealable, the latter only can be revised here, rests on the same principle, and has been frequently recog-

nized. Vincent vs. Schweitzer, 17 An. 199; 3 Rob. 387; 10 id. 438; 11 id. 12; 15 An. 521.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from upon the demand of plaintiff against defendant be affirmed, and that the appeal from the judgment on the reconventional demand be dismissed, appellant to pay costs of this appeal.

Rehearing refused.