THOMPSON, J.
 

 (dissenting). Our predecessors, in Phipps v. Snodgrass, 31 La. Ann. 88, expressly repudiated the prior jurisprudence to the effect that a plea to the jurisdiction ratione personae could be made at any time before judgment and was good
 
 *539
 
 cause to annul after final judgment in the case.
 

 The ruling in the Phipps Case has been uniformly and consistently adhered to until the present case, wherein the court in effect returns to the former jurisprudence for no reason whatever except that plaintiff coupled with his demand for personal judgment' a claim for a privilege on certain property and a prayer for a provisional seizure of such property, which ancillary remedy it is said rendered the court incompetent to render a personal judgment under Act 64 of 1876.
 

 Article 93, Code of Practice, declares that, if one be cited before a judge whose jurisdiction does not extend to the place of his domicile, or of usual residence, but who is competent to decide the cause brought before him, and he pleaded to the merit, instead of declining the jurisdiction, the judgment given shall be valid, • except the defendant be a minor.
 

 It is not denied, and cannot be successfully, that under this article of the Code the court has repeatedly held that a plea to the merits by a person other than a minor waives want of jurisdiction ratione person®. Stevenson v. Whitney, 33 La. Ann. 658; Jex v. Keary, 18 La. Ann. 81; Marqueze v. Le Blanc, 29 La. Ann. 195; and the Phipps Case, supra.
 

 In Carroll v. Bancker, 43 La. Ann. 1195, 10 So. 187, the court said:
 

 “It is permissible, under the law and jurisprudence for a citizen of a parish different from the one in which he is cited, to appear and answer to the merits, and, by thus voluntarily submitting himself to the jurisdiction of the court, the judgment thereon rendered is not coram non judice.”
 

 A failure to answer when personally cited in a court other than the one’s domicile, and suffering judgment in personam to be rendered, has the same force and effect as the joining of issue by answer without excepting to the jurisdiction of the court.
 

 A judgment by default is a tacit joinder of issue, and thereafter the defendant is precluded from raising the question of jurisdiction ratione person®.
 

 “Simplified, the objection is to the effect of a citation, and, it being defective and insufficient, •the court was without jurisdiction ratione person®. It has been the uniform and consistent jurisprudence of this court, since Phipps v. Snodgrass, 31 [La.] Ann. 88, that such an objection must be formally taken in limine, and by way of exception and passed on by the court before answer is filed.” Gomila v. Milliken, 41 La. Ann. 118, 5 So. 549.
 

 “A plea to the jurisdiction of the court ratione person®, must be made in limine. It is too late to file it after a judgment by default has been entered.” Phipps v. Snodgrass, 31 La. Ann. 88.
 

 See long list of eases cited in Phipps Oase, supra.
 

 In the case of West v. Lehmer, 115 La. 214, 38 So. 969, the court said:
 

 “After joinder of issue by judgment by default an exception to the jurisdiction of the court ratione person® comes too late.”
 

 If a party defendant cannot except to the jurisdiction ratione person® after he has suffered judgment by default to be entered against him, it is a strange doctrine, it seems to me, to hold that he can sue to annul after final judgment on the ground of want of such jurisdiction. Yet that is just what the court holds in this case.
 

 The opinion herein seems to recognize the general rule that a person who is sued in a court that has not jurisdiction over him personally becomes liable to have a personal judgment rendered against him, if, being cited personally, he does not take exception in limine to the jurisdiction of the court, but the reason by the court why that rule is not applicable here is because the court in which the suit was brought did have jurisdiction to the extent of the value of the property provisionally seized.
 

 I confess my inability to comprehend the logic of the reasoning.
 

 
 *541
 
 The court had jurisdiction ratione materise independent of the claim of privilege or the seizure of the property. The demand was for $2,400 and 10 per cent, attorney fees, which certainly gave the court jurisdiction ratione materise.
 

 ■ And the court says, if defendant had excepted to the jurisdiction, the plea would have been overruled. But that cannot be so.
 

 If defendant had excepted ratione materise, of course the plea would have been overruled, because the court was competent both because the amount was within the jurisdiction of the court and a priviledge was claimed on certain property within that jurisdiction. It was not necessary to have the property seized in order to give the court jurisdiction.
 

 If however, a plea ratione personse had been filed, the court would have been bound to sustain it and to have declined to give a judgment in personam.
 

 The court in its opinon says that it was not incumbent on defendant to plead or to remind the court that it could not render a judgment against him personally.
 

 Here the court has raised the question of jurisdiction ratione personse to the dignity of jurisdiction ratione materise, and placed upon the court the duty to notice expropria motu its want of jurisdiction ratione personse, a right and privilege which defendant failed to claim.
 

 The court by so ruling has overruled the entire jurisprudence of this state relating to the waiver of the right to plead want of jurisdiction ratione personse after answer has been filed or after judgment by default has been rendered.
 

 The defendant was cited to answer in the court of New Orleans. The demand against him was for a personal judgment. He failed to answer, and judgment by default was confirmed against him. He thereafter recognized this personal judgment against him by going into the court which rendered it and demanded its nullity. He abandoned that suit by failure to take any action towards its prosecution during a period of five years.
 

 As the plaintiff’s judgment was about to prescribe, he sued to revive it, not as a judgment in rem, because there was no such judgment — the property seized had been sold and the judgment in rem, if there had been such a judgment, had ceased to exist, 'and hence could not be revived.
 

 The citation issued to defendant and was served upon him in person. By that suit he was called upon to show cause why the judgment which on its face was in personam for a definite and fixed amount should not be revived and given a continued period of existence against him.
 

 The defendant again made.no appearance, and judgment reviving the judgment in personam was rendered.
 

 Now after so long a time the defendant comes in and asks the court to set aside both the original judgment and the one of revival because the court had not jurisdiction to rener a personal judgment — a ground he could not have urged after default, and before the judgment was rendered, as repeatedly held by this court.
 

 It has always been regarded as settled law and jurisprudence, and has never been disputed so far as I know, that a party who proceeds in rem and seizes the property of his absentee debtor may obtain in that proceeding a personal judgment for the amount of his claim, if he finds his debtor in the state even temporarily and can get personal service of citation on him. But, under the doctrine now announced, the court in such a case, though having jurisdiction ratione materise because of the seizure of property, would be compelled to notice expropria motu that defendant was a nonresident and decline to give personal judgment against him. If there ever was a case in which the defendant has waived the right to plead the want
 
 *543
 
 of jurisdiction ratione personae and submitted himself to the court which'rendered judgment in person against him, that case is presented here.
 

 Eor these reasons, I diss.ent from the opinion and decree herein rendered.